Curia, per O’Neall, J.
In this case there are two questions ; 1st. Are the guaranties without consideration ? 2d. Is the plaintiff barred by the statute of limitations 1
1. That forbearance is a sufficient consideration to support a promise to guarantee an existing debt, cannot be doubted; for the debtor obtains advantage, delay of payment, thereby; and the creditor is put to disadvantage, by having the payment of his debt postponed. This makes *116 forbearance a sufficient consideration to support a collateral promise, within all the rules laid down in the elementary books; and I do not understand this to be denied by the learned counsel for the defendant. They, however, contend, that without an express stipulation for forbearance, for a definite time, at the making of the contract of guaranty, the consideration would not be sufficient. But I am satisfied, if the guarantors sign the guaranty upon an understanding that the debtor should be indulged generally, and there be an actual forbearance for a reasonable time, it is enough. Such seems to have been the opinion of that eminent Judge, Hobart, in the case of Mapes vs. Sidney, Cro. Jac. 683. In that case it was held, by the whole court, that a general forbearance to sue, accompanied by an averment that the plaintiff did forbear to sue for a long time, to wit, a year and a half, would be a sufficient legal consideration to support the promise to guarantee the existing debt of a third person.. It is true, Hutton and Winch held that the “forbearance to sue,” should be considered a total and absolute forbearance. Hobart, however, held, as I think most correctly, that forbearance for a reasonable time was enough, and that this was shewn by the pleadings, and therefore the plaintiff was entitled to recover. This view of the C. J. has met with, I think, a much more general concurrence than that of his brethren. The case of Elting vs. Vanderlyn, 4 Johns. R. 237, adopts fully the judgment of C. J. Hobart; for the court there distinctly say, forbearance generally is sufficient consideration “without setting forth a specific time. There was,” say they, “ a total forbearance for a long time, which brings the case within Mapes vs. Sidney.”
In this case, if it be assumed that there was no stipulation how long the plaintiff should forbear, but that she agreed to forbear generally, and did actually forbear for more than four years, it is, according to these cases, amply sufficient to support the promise of the defendant to guarantee the debt of his brother-in-law, Bird M. Pearson.
But I think it is to be gathered from the case that the understanding between the parties was that the plaintiff should forbear to sue as long as the interest on her debt was annually paid, and this would be a forbearance *117 of such a definite character as would relieve the case from the defendant’s objection. The plaintiff had been informed that Pearson was in doubtful circumstances; to the defendant she communicated her fears about the safety of her debt; this he met by an assurance that Pearson was making fine crops, and if she would give him time he would be good for her debt. After making, in substance, this statement, her daughter proves that her mother, the plaintiff, said to the defendant, ‘‘ all she wanted was to get the interest on her money, and have her debt secured, and if he, Dr. Croft, and I. L. Pearson, would guarantee the payment of the bonds, she would be satisfied. She said she did not wish to sue the bonds ; that she only wanted the debt secured, and that she would be satisfied with the guaranties of those gentlemen.” In consequence of this, the defendant and I. L. Pearson signed the guaranties. Taking all these facts together, it seems to me to be plain that it was the understanding between the plaintiff and the guarantors, that if they would guarantee the bonds, she would, as long as Pearson paid the interest annually, forbear to sue. This conclusion is much strengthened by the fact that Pearson paid the interest to January, 1843, and that the plaintiff did not sue until after that time. If, however, there be a doubt about this construction, still, on the motion to set aside the verdict found under instructions, which assumed that there was no proof to establish forbearance for a definite time, it is enough that, in our judgment, there are facts from which a jury may find as I have suggested. If that should ultimately be the conclusion of the jury, there can be no doubt about the defendant’s liability; for then his written promises to guarantee Pearson’s bonds, would be fully within Fyler vs. Givens, 3 Hill, 48. For then the promise here, would, as there, be predicated of a forbearance to sue for a definite time ; and although not appearing in the writing, yet that consideration being proved by evidence aliunde, would be enough to support the action.
2. If I am right in this construction of the testimony, there can be no pretence for the statute of limitations ; for, until there was a default in the payment of interest, the *118 plaintiff would have had no right of action against the defendant. But I am persuaded that in no point of view can the statute be a defence; for the rule is clear that “ the statute of limitations does not begin to run or operate from the time when a contract is actually made, unless a full and comflete cause of action instatitly accrue thereon.” Ang. on Lim. 181.
Let it be asked what cause of action the plaintiff had on the guaranty on the day of its date 1 It is itself collateral and conditional, only to be enforced if the original debtor, Pearson, does not pay. The plaintiff agreed to forbear to sue him, and that is the consideration of the defendant’s promise. How then can she have any right to sue him, until she has at least forborne to sue the original debtor for a reasonable time ? It is clear she has none. What is that reasonable time? Not less than a year and a day, would be the answer of Mapes vs. Sidney. Here the facts lead to the same conclusion. Dr. Croft said, Pearson is making good crops; give him time, and he will be able to pay. The defendant signed the guaranty, February, 1839; the least he could expect or demand was, that Pearson should, before suit or demand of payment, be allowed to make one more crop. That, in any point of view, would carry the forbearance to October or November, 1839, and, possibly, to January, 1840. Any of these periods is enough for the plaintiff; for her writ was sued out in June, 1843, and four years had not therefore elapsed from the accrual of her right to sue the defendant. The motion to set aside the verdict, and for a new trial, is granted.
Richardson, Evans, Butler and Frost, JJ. concurred.