## 69208. McKAY v. NALLY.
(326 SE2d 560)

CARLEY, Judge.

Appellant instituted the instant action, seeking to recover a rental security deposit of $200. Pursuant to OCGA § 44-7-35 (c), appellant also sought $600, as treble the amount of the deposit, and attorney fees. Appellee Nally answered, raising the statutory exemption of OCGA § 44-7-36 as a defense to appellant's claim under OCGA § 44-7-35 (c).

Appellant subsequently moved for judgment on the pleadings and a hearing was held. The trial court granted appellant judgment on the pleadings as to his claim for $200. With regard to the claim under OCGA § 44-7-35 (c), however, the trial court's order states that appellant's motion for judgment on the pleadings "is not granted . . . as [the] Court *finds* the property was owned by individuals, not a partnership, and *is* thereby exempt under [OCGA §] 44-7-36." (Emphasis supplied.) Thus, insofar as the trial court's order established the viability of appellee's OCGA § 44-7-36 defense, judgment on the pleadings was not merely denied to appellant. Judgment on the pleadings was, in effect, granted to appellee. The order clearly purports to establish "that no [OCGA § 44-7-35 (c)] claim in fact exists. [Cit.]" *Holzman v. Nat. Bank of Ga.*, 144 Ga. App. 710 (1) (242 SE2d 299) (1978). The order thus disposes of all issues in the case and is final and appealable. Compare *Lloyd Indus. v. O'Neal Steel*, 118 Ga. App. 377 (163 SE2d 894) (1968). Appellant appeals, asserting that his motion for judgment on the pleadings as to his OCGA § 44-7-35 (c) claim was erroneously denied and that appellee was erroneously granted judgment on the pleadings as to his OCGA § 44-7-36 defense. We will first address the grant of judgment on the pleadings in favor of appellee, since an affirmance as to that issue will obviate the necessity of a discussion of whether appellant should have been granted judgment on the pleadings.

1. Assuming, without deciding, that, as with summary judgment (*Cruce v. Randall*, 152 Ga. App. 183, 184 (1) (262 SE2d 488) (1979), aff'd 245 Ga. 669 (266 SE2d 486) (1980)), a judgment on the pleadings may be granted to a party who has not even moved for it, the basic question for resolution is whether the pleadings in the instant case demonstrate that no issue existed as to the viability of appellee's OCGA § 44-7-36 defense. A review of the pleadings demonstrates, as

to appellant's claim under OCGA § 44-7-35 (c), appellee's answer made the bare response that the leased premises "would be exempt under the provisions of [OCGA] § 44-7-36." The record contains no responsive pleading by appellant to appellee's answer and, of course, none was required. OCGA § 9-11-7 (a). Thus, the sole basis upon which appellee could have been granted *judgment on the pleadings* was this bare invocation of OCGA § 44-7-36 in his answer. "[A] defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under [OCGA § 9-11-8 (d)] these allegations are deemed denied . . . . Accordingly, the trial court erred in its judgment granting the defendant's motion for judgment on the pleadings." *Gen. Motors Acceptance Corp. v. Jackson*, 119 Ga. App. 221, 222 (166 SE2d 739) (1969).

Even if the ruling of the trial court were deemed to be the grant of summary judgment (*Hill v. Davis*, 241 Ga. 233, 234 (1) (244 SE2d 852) (1978)), there is nothing in the record outside of the pleadings to authorize a finding that appellee's OCGA § 44-7-36 defense had been established as a matter of law in the instant case. OCGA § 44-7-36 provides, in relevant part, for an exception "to rental units which are owned by a natural person *if* such natural person, his or her spouse, and his or her minor children collectively own *ten or fewer rental units* . . . ." (Emphasis supplied.) We find nothing in the record which addresses the issue of whether ten or fewer rental units were owned by the unnamed "individuals" who were found by the trial court to be the owners of the premises leased to appellant. As we construe the statute, the exemption does not extend to an owner simply because he is a "natural person." He must also own ten or fewer units to qualify for exemption. Since the evidence of record does not establish that appellee owns ten or fewer rental units, it was error to grant appellee judgment on the basis of OCGA § 44-7-36.

2. The remaining issue for resolution is whether appellant was erroneously denied judgment on the pleadings as to his OCGA § 44-7-35 (c) claim. Appellant's argument is that the pleadings demonstrate that the owner of the premises he leased was either a partnership, which is not "a *natural person*" entitled to the exemption of OCGA § 44-7-36, or, alternatively, that the pleadings demonstrate that the premises were jointly owned by at least two unrelated individuals and not "*a* natural person" as provided in the statute.

Even assuming that appellant's interpretation of OCGA § 44-7-36 is correct, neither the pleadings nor any evidence of record establish the identity of the entity or entities that own the leased premises. Appellee's answer does admit membership in a partnership entitled The Plantation Group, but we find nothing in appellee's answer which could be construed as an admission that it is The Plantation Group that owns the premises. Likewise, we find nothing in the rec-

ord to support either appellant's assertion or the trial court's finding that the leased premises are owned by more than one "individual." On the record before us, ownership of the premises is simply an unresolved issue. Accordingly, even under appellant's interpretation of OCGA § 44-7-36, he was not entitled to judgment as a matter of law on his claim for treble damages pursuant to OCGA § 44-7-35 (c).

3. The order is affirmed insofar as it denied appellant's motion for judgment on the pleadings. The order is reversed insofar as it purports to grant appellee judgment on the pleadings.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 29, 1985.

*David W. Davenport*, for appellant.
*David U. Crosby*, for appellee.