## A91A1058. GOINS v. HOWELL.
### (410 SE2d 755)

CARLEY, Judge.

Appellee-plaintiff brought this contract action seeking to recover attorney's fees allegedly earned in his representation of appellant-defendant. Although appellant filed a timely answer, he failed to make a timely reply to certain requests for admission. Appellee moved for summary judgment, relying in part upon appellant's failure to make a timely reply to the admissions. Appellant appeals from the order of the trial court granting appellee's motion for summary judgment.

Pursuant to OCGA § 9-11-36, appellee had requested appellant to admit that a certain statement of account was "a true and correct statement of the monies owed to [appellee] by [appellant]." Appellant admitted this was a correct statement of his liability by his failure to answer or object to the request in writing within 30 days of service. OCGA § 9-11-36 (a) (2). Pursuant to OCGA § 9-11-36 (b), appellant sought to withdraw his admission. That statute provides: "[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The trial court's refusal to permit appellant to withdraw his admission is enumerated as error.

In support of his motion to withdraw the admission, appellant asserted that the failure to have made a timely answer was attributa-

ble to the oversight of counsel and further alleged, without evidentiary support, the existence of meritorious defenses. "[Appellant] as movant only perfunctorily [attempted to satisfy] the first prong of the two-prong test set forth in *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979)[.] [Appellant] failed to show [in his motion] that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and [failed to aver] that the denials being tendered . . . had not been offered solely for purposes of delay." *Whitemarsh Contractors v. Wells*, 249 Ga. 194, 195 (288 SE2d 198) (1982). As the movant seeking to withdraw the admissions, appellant "must show that 'the presentation of the merits will be subserved' by allowing the withdrawal and the mere filing of the motion does not satisfy this test." *Worth v. Alma Exchange Bank & Trust*, 171 Ga. App. 748, 752 (2) (320 SE2d 816) (1984). "Because [appellant] failed to present any such evidence, the trial court properly denied [his] motion to withdraw the admissions. [Cit.]" *Amason, Inc. v. Metromont Materials Corp.*, 185 Ga. App. 509, 510 (1) (364 SE2d 637) (1988).

"[A]ny evidence [subsequently presented which was] inconsistent with the binding effect of the admission could not be considered by the trial court on [appellee's] motion for summary judgment." *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 408 (1) (283 SE2d 632) (1981). There being no genuine issue of material fact as to appellant's liability to appellee for a sum certain, the trial court correctly granted appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991.

*William A. Wehunt*, for appellant.
*Randall L. Keen*, for appellee.

