A92A1326. GRAPHIC PREP, INC. et al. v. GRAPHCOM, INC.
(426 SE2d 183)

COOPER, Judge.

Appellants are Graphic Prep, Inc. and Jack and Joan Zeh. Graphic Prep is a family business owned and operated by the Zehs, which performs such services as color separation and graphic preparation. Appellee is a large commercial printing company. Graphic Prep and appellee enjoyed a mutually beneficial business relationship in which Graphic Prep regularly subcontracted its color printing work to appellee, and appellee subcontracted its color separation work to Graphic Prep. Due to financial difficulties occurring in the summer of 1990, Graphic Prep became indebted to appellee in the amount of $88,801.66, representing fees due for work performed by appellee. As a result, Graphic Prep and appellee entered into a course of negotiations concerning payment of the delinquency as well as future business between the two companies. Appellee requested that Graphic

Prep execute a promissory note and that the Zehs execute a guaranty for the amount of the outstanding balance, in exchange for which appellee allowed Graphic Prep more time to pay the outstanding balance. Jack Zeh contends that he repeatedly informed appellee that Graphic Prep had no present ability to pay the debt and that appellee agreed to subcontract enough work to Graphic Prep, including a $14,000 job from Georgia Tech, to enable Graphic Prep to extinguish the debt. In August 1990, Graphic Prep and appellee reached an agreement regarding payment of the indebtedness, and counsel for appellee prepared a promissory note and guaranty as well as a written agreement regarding payment of the outstanding balance and the future business relationship between appellee and Graphic Prep and sent it to Graphic Prep. Graphic Prep's attorney reviewed the documents and made one change to the agreement to reflect the parties' understanding that the business relationship between them would continue in the future. Graphic Prep subsequently executed the note and agreement, and the Zehs executed a guaranty. Graphic Prep made three payments on the note, reducing the outstanding balance to $67,270.35, but failed to make any further payments. Appellee brought an action against appellants, Graphic Prep and the Zehs, to recover the amount due under the note and guaranty. Appellants answered and counterclaimed, alleging that appellee breached an agreement to subcontract enough work to Graphic Prep to offset the indebtedness. The trial court granted appellee's motion for summary judgment on the main claim and the counterclaim and this appeal followed.

1. Appellants contend that the trial court erred in granting appellee's motion for summary judgment because genuine issues of fact existed as to appellants' liability under the note and guaranty. Specifically, appellants allege that as inducement to execute the note and guaranty, appellee agreed to subcontract to Graphic Prep sufficient color separation business to enable Graphic Prep to meet its obligation under the promissory note. Paragraph 3 of the agreement executed with the note and guaranty provides: "Graphic Prep is also a creditor of [appellee], and it is contemplated that this relationship will continue in the future. Graphic Prep shall be entitled to a credit against the Promissory Note executed contemporaneously herewith, equal to the amount of any invoice from Graphic Prep to [appellee] which remains unpaid after sixty (60) days from the date the invoice is issued; provided, however, Graphic Prep shall be entitled to a credit against the promissory note . . . equal to the amount of all invoices outstanding on that date, regardless of their age. Upon satisfaction of the promissory note, [appellee] agrees to pay Graphic Prep within sixty (60) days for all invoices issued by Graphic Prep to [appellee.]"

The specific language at issue: "it is contemplated that this relationship will continue in the future," was added to the agreement by appellants' attorney, and appellants argue that language required appellee to send Graphic Prep enough work to pay off the indebtedness. " 'The construction and interpretation of a contract, being a matter of law for the court, may properly be disposed of by summary judgment. (Cit.)' [Cit.]" *Brooks v. Forest Farms*, 182 Ga. App. 901, 903 (1) (357 SE2d 604) (1987). "If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties. [Cits.]" *Board of Regents v. A. B. & E., Inc.*, 182 Ga. App. 671, 673 (357 SE2d 100) (1987). The trial court found that the ordinary meaning of the word "contemplate" is "think," "believe" or "expect," and that none of those words mandated any action on the part of Graphic Prep or appellee. "The court did not consider parol evidence but sought to give the words ["it is contemplated"] as used in paragraph [3] of the [agreement] their usual and common significance. [Cits.]" Id. at 673. We conclude that the trial court's construction of the agreement properly effectuated the intent of the parties, and the trial court did not err in ruling that no issue of fact remained as to appellants' liability under the note and guaranty.

2. Appellants also argue that the trial court erred in finding as a matter of law that they were not fraudulently induced to execute the note and guaranty by appellee's promise to subcontract enough work to Graphic Prep, including a $14,000 job from Georgia Tech, so that Graphic Prep could meet its obligations under the note. Appellants submitted the affidavit of Jack Zeh to support their argument as to the arrangement agreed to by appellee. " '[P]arol evidence is not admissible to vary the terms of a binding written agreement, even to establish fraud,' . . . and '[a]s a matter of law, fraud cannot be predicated on statements which are promissory in their nature as to future acts.' [Cit.]" *Cosby v. A. M. Smyre Mfg. Co.*, 158 Ga. App. 587, 591 (6) (281 SE2d 332) (1981). Moreover, "appellant made no showing that at the time of the alleged [promise], [appellee] had no intention [of subcontracting future business to Graphic Prep]." *Mitchell v. Head*, 195 Ga. App. 427, 429 (394 SE2d 114) (1990). In fact, there was evidence that appellee did subcontract a job to Graphic Prep after the execution of the agreement. Accordingly, appellants' enumeration is without merit.

3. In their final enumeration of error, appellants contend that the trial court erred in finding that the note, guaranty and agreement were supported by consideration. As consideration for the execution of a note and guaranty, appellee gave Graphic Prep additional time in which to pay off the indebtedness. We conclude that this forbearance

from commencement of collection efforts constituted a benefit to Graphic Prep as well as the Zehs who are the sole principals of Graphic Prep. There being no failure of consideration, the trial court did not err in granting summary judgment to appellee. See *Pepsi Cola Bottling Co. v. First Nat. Bank*, 248 Ga. 114 (2) (281 SE2d 579) (1981).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992

*Nelson, Mullins, Riley & Scarborough, John L. Latham, Scott K. Tippett*, for appellants.

*Macey, Wilensky, Cohen, Wittner & Kessler, Susan L. Howick*, for appellee.