A93A0210. BROWN v. HITCH.
(431 SE2d 751)

BEASLEY, Presiding Judge.
Plaintiff Brown appeals the grant of summary judgment to defendant Hitch in this action for breach of an employment contract.

Hitch is the director of a professional corporation which supplies physicians to Candler General Hospital's emergency room. Brown, a physician, entered into an agreement with Hitch to provide his services in the hospital emergency room.

At issue is construction of the following provision of the agreement between Brown and Hitch: "6. Physician [Brown] shall purchase a professional liability insurance policy with limits of not less than $1,000,000.00, and insure that said policy shall be in effect at all times during the terms of the Agreement." Under paragraph 7 (c), Hitch was to reimburse Brown "for the cost of professional liability insurance obtained by Physician in accordance with the provisions of

Section 6 hereof upon Physician provided (sic) with a copy of his invoice and cancelled check in payment thereof." The agreement did not specify or require the purchase of any *particular* type of professional liability insurance policy, only that $1,000,000 of coverage be maintained.

The parties executed the employment agreement on July 1, 1987, which provided that, "The term of this Agreement shall extend for one (1) year from the date of execution, and shall be automatically renewed for successive one (1) year terms, unless this Agreement is terminated as hereinafter provided." The contract was renewed annually, until terminated by Brown effective September 1990. During the pendency of the agreement, Brown purchased a "claims made" policy of professional liability insurance, which provided coverage for claims which accrued and were reported to the insurer during the effective dates of the policy. Hitch reimbursed him for the cost of that insurance. In anticipation of terminating his employment Brown sought advice from his insurance agent. As a result, he purchased a separate "tail end" policy to cover claims asserted after the effective date of the primary policy. This insurance became effective upon cancellation of the primary policy on October 1, and after termination of the employment agreement.

In October 1990, Brown sent a written request to Hitch for reimbursement for the cost of tail coverage under paragraphs 6 and 7 of the employment agreement. Hitch declined on the basis that he was not contractually obligated to provide reimbursement for insurance not in effect "during the terms of the agreement."

1. Brown asserts as error the trial court's findings that the agreement is unambiguous, but that even if an ambiguity exists, application of the rules of construction leaves no uncertainty as to its meaning.

"It is axiomatic that a contract should be construed by the court where the language is undisputed but the meaning of that language is in dispute. OCGA § 13-2-1. It is the responsibility of the court to determine whether an ambiguity exists. [Cit.] If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties." *Bd. of Regents v. A. B. & E.*, 182 Ga. App. 671, 673 (357 SE2d 100) (1987).

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical and arbitrary rules of construction." OCGA § 13-2-3. " '[I]n construing contracts, it is important to look to the substantial purpose which must be supposed to have influ-

enced the minds of the parties, rather than at the details of making such purpose effectual.' [Cit.]" *Friedman v. Friedman*, 259 Ga. 530, 532 (3) (384 SE2d 641) (1989).

As the trial court found, Hitch's uncontradicted deposition testimony reveals the intent of the parties with respect to the contract provision at issue. The court concluded: "The insurance requirement is included in the agreement with emergency services doctors only to satisfy Candler Hospital's medical staff rules mandating professional liability coverage. The policy covers the individual physician, who is not a Candler employee, and neither Dr. Hitch [n]or Candler is an insured. Since it is Dr. Hitch's practice to include the provision only to satisfy hospital staff rules and because the individual physician is the sole insured, whether the physician is covered after termination of the relationship ending his emergency services at Candler is immaterial to Dr. Hitch. His concern is to provide physicians to Candler and to do so, he must comply with staff rules. He intended only to pay for insurance in effect while the physician provided services at Candler. That is what the contract plainly says."

It was further shown that Brown elected for the duration of the agreement to purchase "claims made" coverage, and Hitch reimbursed him for such coverage. That affirmative act by Brown and Hitch's conduct in accepting it clearly establishes their understanding of the meaning placed on paragraph 6 of the agreement. " ' "The construction placed upon a (contract) by the parties thereto, *as shown by their acts and conduct*, is entitled to much weight and may be conclusive upon them." (Cit.)' . . . [Cit.]" *Purcell v. Allstate Ins. Co.*, 168 Ga. App. 863, 867 (310 SE2d 530) (1983).

We are satisfied that the trial court properly effectuated the intent of the parties in construing the agreement so as not to require reimbursement for "tail insurance."

2. Brown contends that the trial court improperly shifted the burden to him as non-movant on summary judgment to show intent of the parties. Hitch discharged his duty as movant by showing an absence of evidence to support Brown's claim for reimbursement of tail insurance purchased after he had terminated the contract. Brown was then required to point to specific evidence giving rise to a triable issue under OCGA § 9-11-56 (e). *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Since he was unable to do so, summary judgment was properly awarded the movant/defendant.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 1, 1993.

*Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce, Bar-*

*bara N. McKay*, for appellant.

*Kent, Williamson & Brannon, A Martin Kent, Bouhan, Williams & Levy, Frank W. Seiler*, for appellee.