### A93A2321. VIRGINIA PROPERTIES, INC. v. ROSE.
(437 SE2d 835)

McMURRAY, Presiding Judge.

Plaintiff Rose filed this action on an employment contract, seeking to recover certain compensation allegedly due under a bonus provision of the written contract. Defendants are Rentokil Group PLC, a parent corporation, and Virginia Properties, Inc., a descendant of the subsidiary corporation which was a party to the contract with plaintiff. This appeal is taken by Virginia Properties, Inc. from the grant of a summary judgment in favor of plaintiff and from the denial of its opposing motion for summary judgment. *Held*:

1. Plaintiff contracted to serve as manager of the Sanitact Division of the defendant subsidiary corporation. The Sanitact Division represented an attempt to introduce to the United States a limited waste disposal business which had been successful in other locations. Nonetheless, previous attempts to develop this business in the United States had not been successful and an immediate profit was not anticipated. The predecessor of Virginia Properties, Inc. budgeted for Sanitact a net loss of $250,942 for the October 1, 1986-September 30, 1987 fiscal year. The term of the employment contract was also for this interval of time.

The written contract between the plaintiff and the predecessor of Virginia Properties, Inc. is over five pages in length plus several pages

of attached exhibits, and sets forth plaintiff's duties and compensation, provides for various contingencies related to termination of the agreement, and addresses a number of other matters, including an entirety or merger clause. The portion of the contract at issue in the case sub judice is a subdivision of the portion of the agreement dealing with compensation. Other sub-parts of this division of the contract set forth a base salary, provide for a company car, reimbursement of out-of-pocket expenses, and participation in company insurance and vacation plans.

The relevant language concerning bonuses provided that: "Manager and the Company acknowledge that, prior to the date hereof, they have agreed upon a projected budget for the Business of the Company within the Territory (as hereafter defined) during the term of this agreement. A summary of such budget is set forth on *Exhibit 'A'* attached hereto and made a part hereof. In addition to and separate from the base salary described in Subsection 4(a) hereof, the Company will pay Manager the annual or quarterly bonus or bonuses described on *Exhibit 'A'* if the Company's net sales and net profits derived from the Business of the Company within the Territory equal or exceed the applicable levels indicated on *Exhibit 'A'* during the term of the agreement. . . ."

The projected budget for Sanitact was attached to the employment agreement. That budget reflected the hope to hold the loss for Sanitact to $250,942 for the 1986-1987 fiscal year and anticipated sales of $307,648. Also attached to the contract was a page which under the caption *"Exhibit A"* set forth a bonus scheme which rewarded achievement of 86 percent or more of a "profit target."

For the year in question Sanitact had sales of $151,474 and losses of $229,423. These figures reflect a decision by plaintiff's superiors to terminate a portion of the venture during the course of the year.

The issue presented is whether plaintiff, in order to be entitled to a bonus, was required to achieve only a minimum specified percentage of a profit target (albeit in the case sub judice we are actually concerned with minimizing loss rather than maximizing the profits of the Sanitact Division), or whether plaintiff was also required to achieve a specified level of sales ($307,648).

" 'It is axiomatic that a contract should be construed by the court where the language is undisputed but the meaning of that language is in dispute. OCGA § 13-2-1. It is the responsibility of the court to determine whether an ambiguity exists. (Cit.) If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties.' *Bd. of Regents v. A. B. & E.*, 182 Ga. App. 671, 673 (357 SE2d 100) (1987)." *Brown v. Hitch*, 208 Ga. App.

784, 785 (1) (431 SE2d 751). See also *Graphic Prep v. Graphcom*, 206 Ga. App. 689, 691 (1) (426 SE2d 183).

The superior court found that the contract required plaintiff to reach only the profit target. Such is an incorrect construction of the plain language of the contract. The bonus is contingent on two conditions precedent, "if the Company's net sales and net profits derived from the Business of the Company . . . equal or exceed the applicable levels indicated on *Exhibit 'A.'*" Both net sales and net profits must have reached the applicable levels in order for plaintiff to be entitled to a bonus. The "applicable levels indicated on *Exhibit 'A'*" refers us to the documents contained in this exhibit and includes the budget summary attached to the contract. The first reference to "Exhibit A" refers to the summary of the budget included thereon and the failure to place a caption on the budget pages explicitly identifying them as a portion of that exhibit is not germane in the face of the clear language incorporating them. There are no other budget summaries attached to the contract which might raise an issue as to the identity of the document referenced in the contractual language.

A reference to the budget provides sales and profit goals, as well as providing a context in which the bonus scheme becomes meaningful. The bonus scheme modified the budget figures so as to permit bonuses when only 86 percent of the profit goal has been reached.

As noted by plaintiff, the bonus scheme makes no reference to any requirement of achieving the projected level of sales. However, the bonus scheme, along with the budget also contained in *"Exhibit A,"* is incorporated into the contractual paragraph, and not the reverse. There is nothing in the bonus scheme which modifies the contractual language requiring sales of an applicable level before plaintiff is entitled to a bonus.

The determinative factor here is that the sales target provided in "Exhibit A" was not met. Therefore, the superior court erred in granting a summary judgment in favor of plaintiff and in denying the motion for summary judgment of defendant Virginia Properties, Inc.

2. Two remaining enumerations of error complain as to rulings adverse to the interest of the second defendant, Rentokil Group PLC. As these issues do no affect the interest of appellant/defendant Virginia Properties, Inc., it has no standing to raise these issues and they may not be considered on this appeal. *American Ins. Co. v. Bateman*, 125 Ga. App. 189 (1) (186 SE2d 547); *Rush v. Southern Property Mgmt.*, 121 Ga. App. 360, 361 (2) (173 SE2d 744).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 4, 1993 —
RECONSIDERATION DENIED NOVEMBER 15, 1993.

Branch, Pike & Ganz, Thomas B. Branch III, Keith J. Reisman, Tanya M. Ashley, for appellant.
Nations, Yates & Freeman, Michael T. Nations, Maria W. Hughes, for appellee.