## A96A0214. HOWELL v. STYLES.
(472 SE2d 548)

RUFFIN, Judge.

Paul Styles sued Pamela Howell to collect legal fees. Styles' First Request for Admissions of Fact and Authenticity of Documents was served with the complaint. Howell, acting pro se, filed a verified answer on November 15, 1993, attaching a copy of a notarized letter from the State Bar of Georgia which purportedly certified that Thomas de Rosay, Styles' attorney, was ineligible to practice law in Georgia due to nonpayment of his 1993-1994 license fee. Howell did not respond to Styles' requests for admissions.

On March 10, 1995, another attorney representing Styles filed a motion for summary judgment. The basis for Styles' motion was Howell's failure to respond to his requests for admissions. Howell, still acting pro se, responded to the motion and filed a motion to withdraw admissions. In both documents she specifically asserted the requests for admissions were void and did not require an answer since the attorney who signed the requests was not authorized to practice law. The trial court denied Howell's motion to withdraw admissions and granted Styles' motion for summary judgment. The trial court did not address the merits of Howell's defense regarding Thomas de Rosay's unauthorized practice of law. For reasons which

follow, we reverse and remand.

1. In her first enumeration of error, Howell contends the trial court erred in not considering her answer to contain a motion to dismiss. The answer, in its prayers for relief, requested "[t]hat this complaint be invalidated by the Court due to the ineligibility of Mr. DeRosay (sic) to practice law at the time he filed the case." In addition, the second defense stated that Thomas de Rosay was ineligible to practice law in Georgia when he filed the complaint. However, Howell never filed a motion to disqualify, a motion to dismiss, or any other motion relating to this issue. In addition, Howell cites no authority for her contention that the trial court should have considered her answer to contain a motion to dismiss.

OCGA § 9-11-12 contains the rules relating to answers, defenses, and how and when defenses are presented and heard. According to subsection (c) of this statute, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." This Court has found no authority, and Howell cites no authority, indicating the trial court has authority to treat an allegation or statement in an answer as a motion to dismiss the case. See *Thomas v. Mayor of Waycross*, 200 Ga. App. 166 (1) (407 SE2d 57) (1991) (defense preserved "by raising the defense in their answer *and* compelling a ruling via a motion to dismiss"). In fact, pursuant to OCGA § 9-11-7 and Superior Court Rule 6.1, Howell's defense and prayer for relief in her answer do *not* meet the requirements of a motion.

It is true that "[a] trial court has inherent authority to dismiss sua sponte a complaint in an appropriate case. [Cits.]" *Ga. Receivables v. Williams*, 218 Ga. App. 313 (2) (461 SE2d 280) (1995). However, there is no mandate that a trial court *must* dismiss sua sponte a complaint such as the one involved in this case. Moreover, such an action would have been improper under *McKay v. Nally*, 173 Ga. App. 372 (1) (326 SE2d 560) (1985). As in *McKay*, the record in the present case "contains no responsive pleading by [Styles] to [Howell's] answer and, of course, none was required. OCGA § 9-11-7 (a). . . . A defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under OCGA § 9-11-8 (d) these allegations are deemed denied." (Citation and punctuation omitted.) Id. at 373.

Accordingly, although Howell was acting pro se, we do not find that the trial court *abused its discretion* in failing to treat her answer as a motion to dismiss or in failing to dismiss, sua sponte, the complaint.

2. Howell asserts the trial court erred in denying her motion to withdraw admissions under OCGA § 9-11-36 (b). That section provides that "the court may permit withdrawal or amendment when

the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Howell admits in her brief that she did not meet her burden of showing that the presentation of the merits would be subserved by allowing the withdrawal of her admissions, but asserts the trial court should have given her latitude since she was acting pro se or allowed her additional time to amend her motion and meet this requirement. We find no merit in either argument. It is not the trial court's responsibility to make out a pro se party's case, and Howell failed to request a continuance or supplement her motion to include information relative to this requirement. "[I]n a civil case the court cannot put a pro se litigant on a different standard from one represented by counsel." *Long v. Marion*, 257 Ga. 431, 434 (2) (360 SE2d 255) (1987).

Citing *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726 (405 SE2d 764) (1991), the trial court specifically found that Howell failed to show that the presentation of the merits would be subserved by allowing a withdrawal of the admissions. Under *Intersouth Properties*, Howell was "required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." Id. at 728; see also *Goins v. Howell*, 201 Ga. App. 237 (410 SE2d 755) (1991). Since Howell failed to satisfy her burden of showing that the presentation of the merits would be subserved by allowing a withdrawal of the admissions, the trial court did not err in denying her motion to withdraw the admissions, subject to our ruling below in Division 3.

3. Howell also argues the admissions should have been withdrawn because they were filed by an individual ineligible to practice law. We remand this issue to the trial court to determine whether Thomas de Rosay was authorized to practice law at the time he served Styles' requests for admissions.

Pursuant to Georgia State Bar Rule 1-203, "[n]o person shall practice law in this State unless such person is an active member of the State Bar of Georgia *in good standing. . . .*" (Emphasis supplied.) The listed exceptions do not appear to apply in the present case. Georgia State Bar Rule 1-204 states: "No person shall be deemed a member in good standing: (a) while delinquent after September 1 of any year for nonpayment of the license fee prescribed. . . ."

It follows from the above rules that an attorney who is not in good standing because he has failed to pay his license fee is unauthorized to practice law in the State of Georgia. This court has previously held that "[o]ne cannot purport to act as an attorney . . . before

the Superior Court . . . , and avoid compliance with the rules governing the practice of attorneys." *Leasefirst v. Paulk*, 200 Ga. App. 497, 499 (408 SE2d 707) (1991). See also *Magnan v. Miami Aircraft Support,* 217 Ga. App. 855 (5) (459 SE2d 592) (1995). While *Leasefirst* and *Magnan* both dealt with pleadings or documents filed by attorneys licensed in other states who neglected to follow Superior Court Rule 4.4 for special admittance, the same analysis applies for attorneys in Georgia who are not in good standing at the time they file pleadings or documents.

Thus, contrary to Styles' assertion, whether Thomas de Rosay was authorized to practice law at the time he signed and served the requests for admissions is relevant. If Thomas de Rosay was not authorized to practice law when the requests were signed and served by him, then the requests are a nullity, and Howell was not obligated to respond to the requests. If this is the case, the trial court abused its discretion in refusing to allow Howell to withdraw her admissions. Since the trial court has not yet ruled on this issue, we remand this issue for the trial court's consideration.

In the event the trial court determines that Thomas de Rosay was authorized to practice law at the time the requests for admissions were signed and served, we conclude the trial court's denial of Howell's motion to withdraw admissions was correct.

4. Howell next contends the trial court erred by granting Styles' motion for summary judgment. According to Howell, there are disputed issues of material facts, notwithstanding the admissions. We agree.

The standard of review of the trial court's grant of Styles' motion for summary judgment is a de novo review of the evidence to determine whether there is any genuine issue of material fact. See *Moore v. Food Assoc.,* 210 Ga. App. 780, 781 (437 SE2d 832) (1993). The standard for granting summary judgment is that the moving party must demonstrate that there is no genuine issue of material fact and that undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. See OCGA § 9-11-56.

Viewing all the facts and reasonable inferences in a light most favorable to Howell, the record shows that Thomas de Rosay may not have been eligible to practice law at the time he filed the complaint and served the requests for admissions. As we stated in Division 1, it does not appear that Howell requested a hearing or filed a motion regarding this asserted defense. See OCGA § 9-11-12 (c) and (d). However, the record does contain a letter from the Georgia State Bar which appears to substantiate Howell's contention that Thomas de Rosay was not authorized to practice law at the time the complaint was filed. Thus, absent a ruling on this issue by the trial court, there

remains a question regarding whether the complaint is void. This evidence creates a material issue of fact as to whether Styles is entitled to summary judgment as a matter of law. Thus, the trial court erred in granting summary judgment to Styles.

5. In her fourth enumeration of error, Howell asserts the trial court erred by assessing pre-judgment interest at 18 percent on the judgment amount. Because this issue may recur depending on the trial court's findings on remand, we will address this enumeration. *Ga. Hospitality &c. v. Harrison Advertising,* 181 Ga. App. 163 (351 SE2d 489) (1986), cited by Howell in support of this argument, noted that pre-judgment interest may not be awarded in a suit based upon quantum meruit, but may be awarded in a suit based upon a contract. There is no evidence in the record to substantiate Styles' contention that this is a suit based upon a contract rather than a suit based upon quantum meruit. Thus, based on the record as it now stands, the trial court erred in considering this a suit to collect a contractual indebtedness and awarding pre-judgment interest.

6. Howell's request for sanctions is hereby denied.

*Judgment reversed and remanded with directions. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 20, 1996.

*M. P. Schildmeyer*, for appellant.
*David J. Reed*, for appellee.