A00A1411. KELLOGG v. FOOD SERVICE SUPPLIES, INC.

(541 SE2d 683)

PHIPPS, Judge.

The trial court granted summary judgment to Food Service Supplies, Inc. in its suit against Thomas C. Kellogg for breach of guaranty. Kellogg asserts that the trial court erred because there was a

jury question whether adequate consideration supported his guaranty of a preexisting indebtedness. Finding no genuine issue as to any material fact regarding the consideration for Kellogg's guaranty, we affirm.

In January and March 1998, Food Service contracted to supply restaurant equipment to Gulf Coast Restaurants, Inc. When Gulf Coast became delinquent on the amounts owed to Food Service, the parties negotiated a plan to allow Gulf Coast to pay the amounts owed over an extended period.

As part of the negotiations, on September 15, 1998, Kellogg, Gulf Coast's president and sole shareholder, executed an Unconditional Continuing Guaranty of Gulf Coast's obligations to Food Service. Food Service's Credit Manager sent the mutually agreed final payment plan to Kellogg in a letter dated September 18, 1998. After making several payments under the plan, Gulf Coast failed to make any further payments.

On December 8, 1998, Gulf Coast filed for protection under Chapter 11 of the United States Bankruptcy Code. Food Service sent a demand letter to Gulf Coast on December 9, 1998, and a notice of default on January 5, 1999. On January 21, Food Service filed its complaint against Kellogg.

Food Service sought summary judgment based on Kellogg's failure to make any payments under the guaranty. The trial court granted the motion and, relying on *Griffin v. Ga.-Pacific Corp.*,[1] found that the consideration for the guaranty was Food Service's forbearance from collection efforts against Gulf Coast.[2]

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[3] To prevail, the moving party must demonstrate that there is no genuine issue of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.[4]

Kellogg admits that the purpose of the payment plan was to extend the time for payment by Gulf Coast to Food Service under the contracts instead of Food Service beginning actions for collection. Under South Carolina law,[5] forbearance is sufficient consideration to

---

[1] 177 Ga. App. 852 (1) (341 SE2d 499) (1986).

[2] As set forth in note 5, infra, the trial court should have applied South Carolina law to the substantive issue in the case.

[3] *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[5] The guaranty provides that any disputes arising under it shall be determined in accordance with South Carolina law.

In the absence of contrary public policy, our courts normally will enforce a contractual choice of law provision, [cit.], as the parties by contract may stipulate that the

support a promise to guarantee an existing debt.[6] Kellogg cites no authority for his argument that because he presented evidence that Food Service did not rely on his guaranty when it agreed to the payment plan, the jury should decide whether the guaranty was supported by consideration. The only evidence presented by Kellogg is that Food Service neither requested a personal financial statement from him nor investigated his net worth at the time to determine whether he could satisfy the guaranty.

A guaranty must be based upon sufficient legal consideration, either a benefit to the principal obligor or the guarantor on the one hand or some detriment to the obligee on the other.[7] Kellogg's guaranty clearly benefitted Gulf Coast because it allowed Gulf Coast to delay payment to Food Service and avoid immediate collection efforts. Kellogg also benefitted as president and sole shareholder of Gulf Coast. The guaranty was executed three days before the final payment plan was issued, and the payment plan specifically stated that it would be guaranteed by Kellogg. It was not necessary for the payment plan to state that it was entered solely in reliance on Kellogg's guaranty. Food Service's agreement to extend Gulf Coast's payment date and forbearance from immediate collection efforts were sufficient consideration for Kellogg's guaranty.[8]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 7, 2000.

*Long, Aldrich & Norman, Henry F. Sewell, Jr.*, for appellant.
*Altman, Kritzer & Levick, James R. Sacca*, for appellee.

---

laws of another jurisdiction will govern the transaction. [Cit.] A choice of law provision in a contract does not, however, govern the procedural law applied in the forum state. [Cit.]

*Mills v. Berlex Laboratories*, 235 Ga. App. 873, 875, n. 1 (510 SE2d 621) (1999). We therefore apply Georgia law on the standard for summary judgment and South Carolina law on the issue of consideration for the guaranty.

[6] *Thomas v. Croft*, 31 S.C.L. 113 (2 Rich. 113) (1845).

[7] *Hope Petty Motors v. Hyatt*, 310 S.C. 171 (425 SE2d 786) (1992).

[8] Id.; see also *Graphic Prep v. Graphcom*, 206 Ga. App. 689, 691 (3) (426 SE2d 183) (1992) (forbearance from commencement of collection efforts constituted benefit to corporation and its principals who executed guaranty; there being no failure of consideration, summary judgment was properly granted).