## A10A2109. SOWELL v. BRANCH BANKING & TRUST COMPANY.

(706 SE2d 161)

MIKELL, Judge.

Lynn K. Sowell appeals from the trial court's grant of summary judgment to Branch Banking & Trust Company (BB&T) in its breach of contract action, which it filed after Sowell defaulted on the terms of a loan modification agreement that she executed on behalf of the borrower, Everyday, Inc. We affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review de novo the grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party."[1] So construed, the evidence shows that BB&T loaned $75,000 to Everyday on or about March 27, 2002. Manuela Evans, president of Everyday, signed the promissory note on the corporation's behalf and executed a Guaranty Agreement simultaneously therewith. On or about March 21, 2007, Sowell executed a Guaranty Agreement ("Guaranty") with BB&T, which mistakenly identified Sowell as the borrower, instead of Everyday. The Guaranty did not contain any other references to the original loan or promissory note executed on behalf of Everyday. On June 11, 2008, Sowell executed a ChoiceLine Modification Agreement (the "Modification"), under the section entitled "Additional Co-Borrowers or Guarantors," which identified Everyday as the borrower, included the note number, account number, and loan amount from the original promissory note (March 27, 2002), and extended the maturity date of the loan to June 7, 2009.[2] The Modification also provided that

> [e]ach Guarantor hereby ratifies and affirms his/her Guaranty Agreement under which each Guarantor uncondition-ally guaranteed the payment when due of all indebtedness and obligations owing by Borrower to [BB&T] under this Agreement and the Loan Documents, all in accordance with the terms and conditions of the Guaranty Agreement.

BB&T filed its complaint for breach of contract against Everyday, Sowell, and Evans, alleging that they defaulted on the loan. BB&T then moved for summary judgment, which the trial court granted, entering a Final Order and Judgment against Sowell.

---

[1] (Footnotes omitted.) *Decision One Mtg. Co. v. Victor Warren Properties*, 304 Ga. App. 423, 424 (696 SE2d 145) (2010).

[2] Evans also executed the Modification as president of Everyday and as a guarantor.

Sowell argues that the trial court erred because the Guaranty violated the Statute of Frauds, but the Modification is the document upon which Sowell's liability is based.

> The Statute of Frauds requires that, to be enforceable, a promise to answer for another's debt "must be in writing and signed by the party to be charged therewith." OCGA § 13-5-30 (2). This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee.[3]

Although the Guaranty did not meet these requirements, the subsequently signed Modification did. Regarding the Modification, Sowell argues only that it is unenforceable because she received no consideration in exchange for executing the document. However, BB&T gave Everyday and the guarantors additional time to pay off the debt. This forbearance from commencement of collection efforts constituted a benefit to Sowell so there was no failure of consideration.[4]

Sowell also maintains that the default occurred only because BB&T would not extend the due date after she refused to execute an additional guaranty, but she cites no citation of authority in support of her argument, and we are aware of none which required BB&T to extend the maturity date. Accordingly, we affirm the grant of summary judgment to BB&T.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2011.

*Power, Jaugstetter & Futch, Warren R. Power, Patrick D. Jaugstetter, Lauren A. Thompson*, for appellant.

*Quirk & Quirk, Kevin E. Quirk, Joseph P. Farrell*, for appellee.

---

[3] (Citation and punctuation omitted.) *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 104 (1) (661 SE2d 578) (2008).

[4] See *Graphic Prep v. Graphcom*, 206 Ga. App. 689, 691-692 (3) (426 SE2d 183) (1992). Accord *Kellogg v. Food Svc. Supplies*, 246 Ga. App. 695, 697 (541 SE2d 683) (2000).