26265.   EDWARDS v. EDWARDS.

ARGUED JANUARY 14, 1971—DECIDED FEBRUARY 15, 1971.

*Phillip Slotin,* for appellant.

*George V. Boyd,* for appellee.

ALMAND, Chief Justice. Virginia Edwards, in her complaint for divorce and alimony against Charles Edwards III, alleged that she had resided in Georgia for more than six months; and, that the defendant, a nonresident of Georgia, was temporarily residing in Fulton County, Georgia, and could be personally served. Her prayers were for a decree of divorce; alimony for the support of herself and four minor children, and for attorney's fees.

A rule nisi was issued requiring the defendant to show cause on July 28, 1970, why the prayers for alimony, child support, and attorney's fees should not be granted. The record shows that a deputy sheriff of Fulton County personally served the defendant with a copy of the complaint and summons.

On July 21, 1970, the defendant filed a motion to dismiss the complaint for lack of jurisdiction on the ground that while the complaint contained a purported verification by the plaintiff, it was, as a matter of fact, not her signature. The defendant contends that the complaint was, therefore, a nullity because it was not verified by the plaintiff as required by *Code Ann.* § 30-105.

On July 23, 1970, the plaintiff filed an amendment to her complaint, to which she attached her verification, and in which she alleged: "The original verification contained a conformed signature, which was attached by mistake, and plaintiff files this her correct verfication in place of said original conformed verification.

"As a part of this amendment (this amendment has been verified by separate affidavit) the plaintiff does swear, depose and say that all the facts contained in the original complaint and subsequent amendments are true and correct, and that the facts which

she has given to her attorney, upon which said complaint were based, are true and correct. The plaintiff does reaffirm each and every allegation in her original complaint and subsequent amendments."

The motion to dismiss for lack of jurisdiction was sustained and the complaint was dismissed. The appeal is from this order.

■ The complaint as originally filed met all the requirements of *Code Ann.* § 30-105 except that it was not verified by the plaintiff's signature, but by a copy of her signature. This court in *Bell v. Bell,* 202 Ga. 615 (44 SE2d 118) said that the requirement that the complaint be verified by the plaintiff is a rule of pleading and not of evidence.

Section 81-101 of the 1933 Code, prior to its repeal by the 1966 Civil Practice Act, provided that all suits in the superior court shall be signed by the plaintiff or his counsel. Section 81A-111 of the 1966 Civil Practice Act contains a similar provision.

It was held in *Gillis v. Atlantic C. L. R. Co.,* 127 Ga. 678 (56 SE 1003) and *Currie v. Deaver,* 1 Ga. App. 11 (57 SE 897) that the failure of the party or counsel to sign the petition could be supplied by amendment. *Code* § 81-110 provides that petitions for injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs.

In *Bracewell v. Cook,* 192 Ga. 678 (2) (16 SE2d 432), it was held: "The fact that a petition for injunction is not verified as required by the *Code,* § 81-110, does not as a matter of law demand its dismissal, but the petition may be retained in court and an injunction granted thereon, where 'other satisfactory proofs' are submitted." See also *Beall v. Francis,* 163 Ga. 894 (137 SE 251).

The fact that the original complaint was not verified by the plaintiff did not render the suit null and void, but was an amendable defect which was supplied by amendment.

■ The complaint shows that it is an action for divorce, alimony and attorney's fees and alleges a cause of action for the relief sought. The court has jurisdiction of the subject matter and the parties. Though the allegations show the defendant to be a nonresident of Georgia, he was personally served in Fulton County.

*Code* §§ 3-206, 15-202.

It was error to sustain the motion to dismiss and to dismiss the complaint on the ground of a lack of jurisdiction.

*Judgment reversed. All the Justices concur.*