52592. MCG DEVELOPMENT CORPORATION et al.
v. BICK REALTY COMPANY.

CLARK, Judge.
"The right to amend is as broad as the Atlantic Ocean and as saving as the power of salvation." That argument was standard operating procedure for litigants seeking to amend pleadings prior to our adoption in 1966 of the Civil Practice Act. The contention was based on the numerous decisions stemming from the brilliant exegesis by Chief Justice Bleckley in *Ellison v. Ga. R. Co.,* 87 Ga. 691 (13 SE 809). Does the CPA provide a limit such as the

rockbound coast of Maine to the vastness of the ocean and a Hell for those who remain unrepentant sinners?

Such schmoose[1] applies to the instant case where appellants as defendants below had judgments rendered by default against them when the judge refused to permit them to add an omitted verification to their answers by amendment.

This litigation began with plaintiff's complaint against the maker and guarantor of a promissory note for recovery of principal, interest and attorney fees allegedly owed upon the unconditional contract in writing. The answers of defendant denied the material allegations and pleaded a failure of consideration defense. Additionally, the guarantor co-defendant asserted he was released from his obligations because the maker co-defendant was given an unauthorized extension of time for payment. Neither answer carried a verification by defendant as required under Rule 6 of the Civil Court of Fulton County. That local rule stated that a written answer to a verified account suit or to one based on a written unconditional contract had to be under oath. "No appearance will be recognized unless accompanied by such verified answer."

Trial assignment notice having been duly published in the court calendar, the case was called for trial. Plaintiff then moved for a default judgment against defendants on the ground that their answers had not been verified. Thereupon defendants sought leave to amend their answers and cure the verification defect. But the trial court refused to allow defendants to amend.

Thereafter, the trial court, citing *Cel-Ko Builders &c. v. BX Corp.*, 136 Ga. App. 777 (222 SE2d 94), entered a default judgment against defendants pursuant to Rule 8 of

---

[1] This word is defined in the American Heritage Dictionary as "chat." Leo Rosten in "The Joys of Yiddish" says "I have never encountered a word that conveys 'heart-to-heart chit-chat, as warmly as does *shmooz*." The latter is a variant spelling of this expressive word now in our English language.

the Rules of the Civil Court.[2] This appeal followed. *Held:*

1. It is a well settled principle of procedural law that the failure to verify an answer, if required by rule or statute, is an amendable defect. *Rigby v. Powell,* 233 Ga. 158 (210 SE2d 696); *Gamble v. Gamble,* 207 Ga. 380 (61 SE2d 836); *Wall v. Mills,* 126 Ga. App. 149 (190 SE2d 146); *Shuford v. Jackson,* 139 Ga. App. 469. Generally such an amendment is sought by a motion invoking the discretion of the court. But "Leave to amend also may be requested in open court instead of by formal motion." 6 Wright & Miller, Federal Practice and Procedure: Civil, 421, § 1485.

2. Code Ann. § 81A-115 (a) provides, in part: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This provision is to be liberally construed in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby. Hoye v. Service Products Corp., 286 FSupp. 299 (E.D. Wis. 1968); 6 Wright & Miller, Federal Practice and Procedure: Civil, 427, § 1487. Mere delay in seeking leave to amend is not a sufficient reason for its denial. "[D]elay is not the sole controlling factor. It should not be permitted to defeat the policy of liberality in permitting amendment unless it will have prejudiced the plaintiff in some way." Maschmeijer v. Ingram, 97 FSupp. 639, 643 (SDNY 1951).

3. We think the trial court abused its discretion in refusing to allow defendants leave to amend. Defendants sought in good faith to correct an inadvertent oversight; the amendments were not sought as a dilatory measure;

---

[2] Rule 8 reads, in part: "In all suits on an unconditional contract in writing . . . where a defense has not been sworn to by the party filing such defense . . . it shall be the duty of the Judge . . . to whom application is made to enter a default judgment as if no appearance of any kind or character had been made; provided, however, that said case has been duly published in the calendar of the Court and has come on regularly for hearing. . ."

plaintiff would not have been put to disadvantage by allowance of the amendments. In the interest of justice, leave to amend should have been granted. "The Court does not take the position that the defendant should be penalized because of an apparent oversight on behalf of its counsel. The sporting element of pleading is no longer with us." Schwartz v. American Stores Co., 22 FRD 38 (E.D. Pa. 1958).

4. As an additional argument for affirmance of the default judgment appellee asserts that the answers were filed after expiration of the 30-day period following service without payment of costs. This contention was not raised below. "One may not fail to raise issues in the trial forum, and then for the first time in this court raise questions as to matters not ruled upon or excepted to at the trial court. Velkey v. Grimes, 214 Ga. 420, 421 (105 SE2d 224). See also Stovall v. Mendenhall, 192 Ga. 796 (2) (16 SE2d 546)." Smalls v. Pittman, 138 Ga. App. 562, 563 (226 SE2d 802). The single issue raised below is shown in the court's order which states that "the plaintiff having made a motion to strike the Defendants' answers for failure to file a verified Answer pursuant to local rule 8 of the court, and the Defendants then responded by tendering an amendment to the Answers which is hereby rejected as too late."

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED SEPTEMBER 28, 1976 — REHEARING DENIED OCTOBER 20, 1976 — 

*Charles T. Magarahan,* for appellants.
*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellee.