## 52949. DOWNS v. JONES.

STOLZ, Judge.

Phyllis Downs, b/n/f Philip Downs, her father, sued the appellee for damages sustained as a result of injuries caused by the appellee's dog. The complaint included paragraphs seeking compensation for medical expenses which the infant's father had incurred in his individual capacity. With his answer, the appellee filed a motion to strike those paragraphs of the complaint dealing with medical bills for which the child was not liable. Phyllis Downs, b/n/f Philip Downs, then sought to amend the complaint to add her father as a plaintiff in his individual capacity. The trial court granted the appellee's motion to strike. The motion for leave to amend was denied, however, due to the running of the statute of limitation.

The appellant, Phyllis Downs, b/n/f Philip Downs, appeals the denial of the motion for leave to amend.

1. Since the appellant's motion was made before the entry of a pre-trial order, it was not subject to the discretion of the trial court as the appellee contends. Civil Practice Act § 15 (a), Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). Therefore, the trial court erred in denying the appellant's motion for leave to amend.

2. Would the complaint, as amended, state a valid claim against the appellee or would the action have been barred by the statute of limitation as to Philip Downs individually? Civil Practice Act § 15 (c), Code Ann. § 81A-115 (c), supra, has been construed by federal courts ((in dealing with the identical federal rule), Williams v. United States, 405 F2d 234 (5th Cir. 1968); Holmes v. Pennsylvania New York Central Transportation Co., 48 FRD 449 (N. D. Ind., 1969), and by this court (*Gordon v. Gillespie,* 135 Ga. App. 369 (217 SE2d 628) (1975)), as relating the amended complaint back to the date of the original pleading if the defendant was given notice of the additional plaintiff's claim and if that claim arose out of the same conduct, transaction, or occurrence set forth in the original pleading. In the instant case both conditions were met.

Although this court has not hesitated to find the statute of limitation to be a bar to relation back when the original complaint did not fairly notify the defendant (*A. H. Robins Co. v. Sullivan,* 136 Ga. App. 533, 535 (221 SE2d 697); *Murray Chevrolet Co. v. Godwin,* 129 Ga. App. 153, 155 (199 SE2d 117) (1973)), notice in the instant case was sufficient. The original pleading clearly revealed the existence of the minor, her father, and a claim for medical expenses suffered. Thus, the complaint as amended to include Philip Downs in his individual capacity, would relate back to the date of the original complaint, and the added portion would not be barred by the statute of limitation.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED NOVEMBER 10, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*Watkins & Daniell, Arthur B. Seymour,* for appellant.

*Van Gerpen & Bovis, Steven J. Kyle, Robert H. Sorensen,* for appellee.