## 69848. BANDY et al. v. HOSPITAL AUTHORITY OF WALKER COUNTY et al.
### (332 SE2d 46)

SOGNIER, Judge.

Fitchel L. Bandy brought this medical malpractice action for the alleged wrongful death of his mother, Mary Bandy, against the Hospital Authority of Walker, Dade and Catoosa Counties (the hospital), Charles Hillis, M.D. and Howard C. Derrick, Jr., M.D. The trial court granted the hospital's motion to dismiss the complaint and denied Bandy's motion to amend the complaint to change his capacity as plaintiff from executor to individual and to add as plaintiff Sybil Bandy Moseley, the other surviving child of Mary Bandy. The trial court also granted summary judgment in favor of Hillis and Derrick. Bandy and Moseley appeal.

1. Appellants contend the trial court erred by granting the hospital's motion to dismiss because Bandy properly amended all defects in the complaint.

(a) The complaint was originally brought in Bandy's name as executor of the estate of his mother, Mary Bandy. In its motion to dismiss, the hospital contended that Bandy was not a proper party plaintiff because under OCGA § 51-4-3 the cause of action for wrongful death of a wife or mother is vested in the husband and children jointly. Apparently conceding this argument, Bandy thereafter filed his motion to amend the complaint.

We agree with appellants' argument that the trial court erred by denying the motion to amend because the motion was made before the entry of a pre-trial order and therefore was not subject to the trial

court's discretion. OCGA § 9-11-15 (a); *Downs v. Jones*, 140 Ga. App. 752, 753 (1) (231 SE2d 816) (1976). The amendment changing Bandy's capacity as plaintiff was authorized, *Atlanta Newspapers, Inc. v. Shaw*, 123 Ga. App. 848, 852-853 (2) (182 SE2d 683) (1971), as was the addition of Moseley as plaintiff. See *Gordon v. Gillespie*, 135 Ga. App. 369, 375-376 (1, 2) (217 SE2d 628) (1975). Further, under OCGA § 9-11-15 (c), the complaint, as amended, relates back to the date of the original complaint and is not barred by the statute of limitations. OCGA § 9-11-15 (c); see *Gordon v. Gillespie*, supra at 375-376 (1, 2); *Downs v. Jones*, supra at 753 (2). Therefore, the trial court erred by denying Bandy's motion to amend the complaint and by granting the hospital's motion to dismiss.

(b) We disagree with appellees' argument that appellants' complaint is null and void and should be dismissed because it was signed by an attorney who was not admitted to practice in our state and who had not obtained the court's permission to appear on appellants' behalf, in violation of Rule 1-203 of the Rules of the State Bar of Georgia and OCGA § 9-11-11(a). In the amended complaint Bandy sought to add as attorney the additional name and signature of a Georgia attorney. Amendments may be filed at any time before entry of a pretrial order without permission of the court, OCGA § 9-11-15 (a); *Downs v. Jones*, supra at 753 (1), and the right to amend pleadings under the Civil Practice Act is exceedingly broad. *Concert Promotions v. Haas & Dodd, Inc.*, 169 Ga. App. 711, 712 (314 SE2d 720) (1984). "This provision [OCGA § 9-11-15 (a)] is to be liberally construed in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby." *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41, 43 (2) (230 SE2d 26) (1976).

Consistent with this liberal policy regarding amendment of pleadings, we have held that the failure of a pleading to be signed by an attorney or a party or to be verified where required constitutes a defect which does not render the pleading null and void but which may be cured by amendment. See, e.g., *MCG Dev. Corp.*, supra at 43; *Edwards v. Edwards*, 227 Ga. 307, 308 (1) (180 SE2d 358) (1971); *Cook v. Walker*, 161 Ga. 551, 554 (1) (131 SE 288) (1925). We find the situation sub judice to be analogous to those cases. The absence of a signature by an attorney in compliance with Rule 1-203, Rules of the State Bar of Georgia and OCGA § 9-11-11 (a) was a defect which appellants sought to timely cure by amending the complaint to add the name and signature of a Georgia attorney. Because no pre-trial order had been entered, the trial court erred by refusing to allow appellants' motion to amend. OCGA § 9-11-15 (a); *Downs*, supra at 753 (1). The trial court's grant of the hospital's motion to dismiss is reversed.

2. Appellants contend the trial court erred by granting summary

judgment to appellees Hillis and Derrick. The trial court based the grant of summary judgment on its finding that a second affidavit of appellants' expert was not timely filed.

" 'The party opposing a motion for summary judgment has until the day prior to the hearing to serve opposing affidavits, unless the trial court in its discretion permits them to be served at a later date. [OCGA §§ 9-11-6 (d) and 9-11-56 (c)]. . . . [A] response to a motion for summary judgment is timely filed if filed on the date of the hearing, . . .' [Cit.]" *Martin v. Newman*, 162 Ga. App. 725, 726 (2) (293 SE2d 18) (1982).

In support of their motions for summary judgment appellees Hillis and Derrick attached their own affidavits to the effect that they were not negligent. In opposition, on February 29, 1984, appellants filed the affidavit of Dr. Davidson who stated his opinion that based on his review of certain medical records these appellees did not exercise the appropriate standard of care. The medical records were not attached to Dr. Davidson's affidavit nor contained elsewhere in the record. A second affidavit of Dr. Davidson attaching the records referred to in his first affidavit was filed on March 26, 1984. The trial court in its order stated that the motions for summary judgment were "heard and argued before the Court and the same [were] taken under advisement on May 29, 1984." Appellees' contention that an earlier hearing on their motions for summary judgment was held and that that hearing date controls the timeliness of appellants' affidavits, is not supported by the record. Therefore, this second affidavit of Dr. Davidson was timely filed, OCGA § 9-11-56 (c), and because Dr. Davidson's affidavits create questions of fact as to whether Hillis and Derrick were negligent, the trial court erred by granting summary judgment in their favor. See *Meeks v. Coan*, 165 Ga. App. 731, 733 (1) (302 SE2d 418) (1983).

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 12, 1985.

*R. Stephen Tingle, Robert J. Shockey*, for appellants.
*Frances I. Breazeale, David P. Daniel, L. Hugh Kemp, John T. Minor III*, for appellees.