### A91A0473. LEASEFIRST v. PAULK.
(408 SE2d 707)

POPE, Judge.

On February 20, 1990, plaintiff/appellant LeaseFirst filed a complaint against defendant/appellee Jerry M. Paulk d/b/a Jerry's Grocery in the Sixth Circuit Court for the County of Oakland, Michigan. In that case, LeaseFirst sought damages for Paulk's alleged breach of a lease agreement for a yogurt machine. On June 21, 1990, that court granted a default judgment in the amount of $12,864.36 in favor of LeaseFirst. On July 30, 1990, the Clerk of the Superior Court of Coffee County issued a writ of fieri facias in the same amount and recorded it on the general execution docket of Coffee County.

In August of 1990, Gerald K. Flagg, Esq., sought to secure a garnishment of Paulk's bank account on behalf of LeaseFirst. On September 11, 1990, Paulk filed a traverse to that garnishment in the Superior Court of Coffee County. The court set a hearing for September 20, 1990, to consider the traverse and a motion to set aside judgment, which Paulk had also filed.

Approximately ten minutes before that hearing, LeaseFirst filed a

motion for continuance by facsimile. At the hearing the trial court denied the motion for continuance, and set aside the garnishment. The court did not rule on Paulk's motion to set aside the judgment because the parties had reached an agreement that the hearing on that motion should be continued. LeaseFirst appeals the trial court's decision to set aside the garnishment and the trial court's denial of its motion for a continuance.

1. LeaseFirst contends that the trial court committed reversible error in finding that the garnishment should be set aside because it was not brought by a proper person. There were two affidavits submitted to the Superior Court of Coffee County by Gerald Flagg, Esq., an attorney licensed to practice in Michigan, but not in Georgia. One affidavit was clearly submitted in support of LeaseFirst's garnishment. OCGA § 18-4-61 sets forth the requirements for the submission of an affidavit for issuance of a summons of garnishment. That Code section provides in pertinent part: *"The plaintiff, the plaintiff's attorney at law, or the plaintiff's agent* shall make, on personal knowledge, an affidavit setting forth that the plaintiff has a judgment against a named defendant. . . ."* (Emphasis supplied.) The affidavit filed with the trial court that was clearly in support of LeaseFirst's garnishment action was submitted on an affidavit form supplied by the trial court. On the affidavit for garnishment form, following the name of the affiant, it reads: "who on oath says that he is (Agent for Plaintiff) (Attorney at Law for Plaintiff) (Plaintiff) herein." On the affidavit for garnishment form submitted by Gerald Flagg, Esq., on behalf of LeaseFirst, he underlined the parenthetical which contained the words "Attorney at Law for Plaintiff." If Flagg had been simply acting as LeaseFirst's agent, as it contends, he should have underlined that parenthetical instead. Furthermore, Flagg submitted a separate affidavit to the trial court in this case in which he set forth that he was an attorney for LeaseFirst and that he is an attorney in good standing in the State of Michigan. Flagg also signed that affidavit as attorney for LeaseFirst. Clearly, Flagg purported to act as attorney for LeaseFirst before the Superior Court of Coffee County.

State Bar of Georgia Rule 1-201 mandates that "[a]ll persons now or hereafter authorized to practice law in this State shall be members of the State Bar of Georgia." Rule 1-203 (A) (1) sets forth an exception to that mandate for "[a] person who is not a member of the State Bar of Georgia, but who is licensed to practice in a state or states other than Georgia, and is in good standing in all states in which such person is licensed." Such a person "may be permitted to appear in the courts of this state in isolated cases in the discretion of the judge of such court. . . ."

The affidavits in question were filed in the Superior Court for Coffee County. Before filing any document or pleading with that

court, Flagg should have become familiar with Georgia's Uniform Superior Court Rules. Rule 4.4 governs the practice of law in the superior courts of this state by attorneys who are not licensed to practice law in Georgia. That rule requires that an attorney, who is admitted to practice in the courts of record in another state and who seeks to participate in an action before a superior court of Georgia, must apply for special admission to practice before the court, and inter alia, secure the services of an attorney who is licensed to practice before the superior courts of Georgia. For obvious reasons, the courts of this state have an interest in insuring that those persons practicing before them will be familiar with any applicable rules and procedures.

There is no evidence to suggest that Flagg was familiar with the dictates of Uniform Superior Court Rule 4.4 or that he sought to comply with that rule. One cannot purport to act as an attorney, as Flagg did before the Superior Court of Coffee County, and avoid compliance with the rules governing the practice of attorneys from other states, merely because the particular document filed with the court could have been filed by a person acting simply as an agent for the plaintiff. The trial court correctly dismissed the garnishment that Flagg obtained in his capacity as an attorney for LeaseFirst.

2. We have carefully considered LeaseFirst's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J. concur.*

DECIDED JUNE 11, 1991 —
RECONSIDERATION DENIED JULY 16, 1991 — 

*Hudson & Solomon, James D. Hudson,* for appellant.
*Farrar, Farrar & Hennesy, Curtis Farrar, Jr., Bruce B. Edwards, Jr.,* for appellee.