A92A0098. COLEMAN v. SUPERIOR INSURANCE COMPANY.
(418 SE2d 390)

POPE, Judge.

Appellee/plaintiff Superior Insurance Company filed a complaint seeking declaratory relief concerning an insurance coverage dispute

arising from an automobile collision involving a vehicle insured by plaintiff. At the time of the collision, the insured vehicle was being driven by the adult unlicensed daughter of the named insureds, who was neither a named insured nor did she have permission from the named insureds to drive the vehicle. The appellant/defendant Betty Coleman was a front seat passenger in the vehicle at the time of the collision.

Coleman was served with the complaint on November 15, 1990. On February 15, 1991, Coleman filed an answer and motion to open default. On February 25, 1991, plaintiff moved for entry of default judgment. After conducting a hearing on the pending motions, the trial court denied Coleman's motion to open default and granted the plaintiff's motion for entry of default judgment. Coleman appeals from the entry of default judgment against her.

OCGA § 9-11-55 (b) provides that "[a]t any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." Coleman contends because she has shown excusable neglect and otherwise complied with the dictates of the statute, the trial court's failure to allow her to open the default was an abuse of discretion.

As this court has recognized on several occasions, " '[i]n cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case.' " *Howell Enterprises v. Ray*, 163 Ga. App. 68, 69 (293 SE2d 24) (1982); *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977). Generally, in cases concerning default judgments this court will not substitute its judgment for the trial judge's, who had the opportunity to observe the witnesses and determine their credibility. *Howell Enterprises*, supra at 70.

In this case, Coleman's counsel had notice before Coleman was served with the complaint that plaintiff had filed this action seeking declaratory relief. In fact, Coleman's counsel engaged in certain negotiations with plaintiff's counsel in which they discussed that service might be acknowledged on behalf of Coleman. To show excusable neglect, Coleman states that she suffered memory loss as a result of the accident, which allegedly made her unable to remember when she was served. Coleman's counsel stated that he checked with the clerk's office on December 10, 1990, to see if Coleman had been served and

was informed that she had not been served. The affidavit of service of Coleman was filed on December 19, 1990. There is no evidence in the record that counsel for Coleman attempted to verify service with the clerk's office thereafter, even though he stated he did not learn Coleman had been served until February 15, 1991. Coleman's counsel also suggested during the hearing on these motions that there may have been some miscommunication between Coleman and his office. We hold that these facts and circumstances do not demand a finding of excusable neglect, and the trial court did not abuse its discretion by refusing to open the default. See *Weldon v. Williams*, 170 Ga. App. 589 (1) (317 SE2d 570) (1984).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 10, 1992 —
RECONSIDERATION DENIED APRIL 29, 1992.

*Kaufman & Feingold, Walter C. Herin, Jr.,* for appellant.
*Jenkins & Eells, Frank E. Jenkins III, Sharon C. Barnes,* for appellee.