A95A0849, A95A0850. MAGNAN et al. v. MIAMI AIRCRAFT
SUPPORT, INC.; and vice versa.
(459 SE2d 592)

RUFFIN, Judge.

We granted the application of James Magnan and Dieter Becker for discretionary appeal from the court's judgment on a verdict in their favor in an amount of less than $10,000. Magnan and Becker sued Miami Aircraft Support, Inc. ("Miami Aircraft") for personal injuries they sustained from exposure to the pesticide cyhalothrin. In response to the complaint, Miami Aircraft's Florida counsel filed a notice of limited appearance, motion for interim admission pro hac vice, and motion for extension of time to respond to the complaint but did not file an answer. After Miami Aircraft's time to answer the complaint expired, Magnan and Becker filed a motion for default judgment. The trial court granted the motion for default which established Miami Aircraft's liability, subsequently denied Miami Aircraft's motion to set aside the default, and a jury trial was held on the issue of damages. Prior to trial, all the parties filed motions in limine seeking to exclude certain evidence concerning the extent of the injuries. The trial court granted some of those motions and denied others. The jury returned a verdict awarding damages to Magnan and Becker, and both parties appealed.

*Case No. A95A0849*

1. Magnan and Becker contend the trial court erred in admitting evidence as to liability, proximate cause, and the existence of their injuries because those facts were established by Miami Aircraft's default. We note initially that Magnan and Becker violated Court of Appeals Rule 27 (c) (1) by combining thirteen enumerations of error, two of which are identical, into this single argument. We will accordingly address them as one enumeration.

(a) OCGA § 9-11-55 (a) provides in relevant part that when a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, *unless* the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and *establish the amount of damages . . .* with the *right of the defendant to introduce evidence as to damages. . . .*" (Emphasis supplied.) Viewed in this light, the complaint in this case showed that Magnan and Becker were working in an airport hangar when a forklift driver negligently punctured a drum containing the pesticide cyhalothrin. Some of the pesticide escaped, exposing Magnan and Becker to the fumes which resulted in unspecified injuries. Because the case was in

default, OCGA § 9-11-55 (a) prohibited Miami Aircraft from presenting evidence which went to the right of recovery, even though the same evidence may have also gone to the assessment of damages. See *Flanders v. Hill Aircraft &c. Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976). See also *Lenney v. Finley*, 118 Ga. 427, 429 (2) (45 SE 317) (1903).

In this respect, the cause of action asserted in this case can be broken down into two components: (1) the breach of a legal duty which resulted in an injury and which gave rise to a right of recovery by virtue of the default, and (2) the amount of damages. See OCGA § 51-1-6. See also Cobb & Eldridge, Ga. Law of Damages (3rd ed.), § 1-2, p. 2. Miami Aircraft's failure to answer did not result in the admission of the existence of any amount of damages, and it could properly contest the issue of damages by rigid cross-examination and by the introduction of evidence so long as the cross-examination did not touch on the issue of liability. See *O'Connor v. Brucker*, 117 Ga. 451 (2) (43 SE 731) (1903); *Whitby v. Maloy*, 150 Ga. App. 575 (2) (258 SE2d 181) (1979).

After considering the testimony of which Magnan and Becker complained under these rules, we conclude that the trial court did not err in allowing it. The challenged testimony was given by Miami Aircraft's expert witnesses and concerned the chemical's evaporation rate, ability to travel in air, and its neurological effects. None of this testimony challenged Miami Aircraft's liability for damages incurred by Magnan and Becker or the fact of exposure and injury. Rather, this testimony concerned the extent of exposure and the effects of that exposure on Magnan and Becker. While the default established their exposure, injury, and right to recovery, Magnan and Becker bore the burden of showing the nature and amount of their damages, and Miami Aircraft was entitled to present its own evidence concerning those damages. See *O'Connor*, supra. See also 25A CJS, Damages, §§ 145-146. Accordingly, the testimony concerning the extent of Magnan's and Becker's exposure and the pesticide's long- and short-term effects was admissible.

(b) Magnan and Becker also assert that the trial court erred in denying their motion in limine to exclude the testimony of lay witnesses which they contend went to liability, proximate cause, and fact of injury. As this enumeration is not supported by either argument or citation of authority, it is abandoned under Court of Appeals Rule 27 (c) (2). *State Farm &c. Ins. Co. v. Hudson*, 215 Ga. App. 218 (1) (450 SE2d 286) (1994) (decided under former Court of Appeals Rule 15 (c) (2)).

2. Magnan and Becker next contend the trial court erred in disallowing testimony concerning Magnan's alleged permanent eye injury. As in Division 1, Magnan and Becker have violated Court of Appeals

Rule 27 (c) (1), by grouping four enumerations of error into this single argument. Accordingly, we will address them as a single enumeration of error.

The trial court prohibited Magnan from presenting any evidence that the eye injuries he alleged were caused by the exposure, continued past August 14, 1990, the date that his ophthalmologist concluded the eye injuries were healed. Accordingly, the trial court redacted portions of the ophthalmologist's deposition concerning eye problems of which Magnan complained after that date. It also struck the entire deposition of Dr. Robert Spector, a physician who treated Magnan after his ophthalmologist, who testified in his deposition that he could not give *any* opinion with a reasonable medical certainty that the eye problems of which Magnan later complained were caused by his exposure to the pesticide.

Although the default relieved Magnan and Becker from the burden of establishing that they were entitled to relief, they were still required to prove their damages. In proving damages for his alleged eye problems, Magnan could not simply testify that the continuing eye problems were caused by the incident; he was required to present expert medical testimony to make this showing. See *Eberhart v. Morris Brown College*, 181 Ga. App. 516 (1) (352 SE2d 832) (1987); *Thomason v. Willingham*, 118 Ga. App. 821 (2) (165 SE2d 865) (1968). For such expert testimony to be admissible, it must have been "based at least on reasonable probability." *Nat. Dairy Products Corp. v. Durham*, 115 Ga. App. 420, 423 (154 SE2d 752) (1967). Because the testimony concerning Magnan's later eye problems was, by his physicians' own testimony, not based on a reasonable probability, the trial court properly excluded it. To rule otherwise would allow Magnan to present evidence of an unlimited number of injuries that could not possibly be proved to be related to his exposure to the pesticide; a result that, even after default cannot be permitted.

3. Magnan and Becker assert the trial court erred by instructing the jury that "[d]efendant has a right to dispute the damages even to the point of showing their nonexistence." As we concluded in Division 1, Miami Aircraft could properly contest the issue of damages by rigid cross-examination and by the introduction of evidence. See *O'Connor*, supra. Likewise, if Magnan and Becker did not present any credible evidence as to their damages, the jury could conclude that although they were exposed to the pesticide, they did not carry their burden in proving damages. See *Krasner v. Lester*, 130 Ga. App. 234 (3) (202 SE2d 693) (1973). As we stated in *Flanders*, supra at 289, the charge complained of was a correct statement of the law and did no more than tell the jury that Miami Aircraft could contest whether Magnan and Becker carried the burden of proving their damages, something Miami Aircraft was clearly entitled to do. Accordingly, we find no

error.

4. For the reasons stated above, the trial court did not err in denying Magnan and Becker's motion for new trial.

### Case No. A95A0850

5. In Case No. A95A0850, Miami Aircraft contends the trial court erred in denying its motion to set aside the default judgment.

(a) Miami Aircraft first argues its failure to timely answer the complaint was due to excusable neglect and that the trial court therefore abused its discretion in failing to grant the motion. Specifically, Miami Aircraft argues that its original Florida counsel, who was not admitted to practice in Georgia, mistakenly believed that he had an agreement with the attorney for Magnan and Becker that they would not prosecute the case until settlement discussions were pursued.

OCGA § 9-11-55 (b) gives a trial court discretion to open a default for excusable neglect. In reviewing the trial court's exercise of this discretion, we must realize that, "no two [cases] are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case. Generally, in cases concerning default judgments this court will not substitute its judgment for the trial judge's, who had the opportunity to observe the witnesses and determine their credibility." (Citations and punctuation omitted.) *Coleman v. Superior Ins. Co.*, 204 Ga. App. 78, 79 (418 SE2d 390) (1992).

In this case, although Miami Aircraft's original Florida counsel contended he had an agreement with opposing counsel that he would not prosecute the case until settlement was explored, plaintiffs' counsel vehemently denied this contention in the response to Miami Aircraft's motion. After hearing argument, the trial judge apparently decided that no such agreement existed. Furthermore, even if there were an agreement, Miami Aircraft's original Florida counsel did not mention it in his motion for an extension or obtain Magnan's and Becker's consent to the motion. After considering these circumstances, and the additional fact that Miami Aircraft's original Florida counsel never applied for special admission to practice under Uniform Superior Court Rule 4.4, we conclude that the trial court did not abuse its discretion by refusing to open the default. See id. See also *Leasefirst v. Paulk*, 200 Ga. App. 497 (1) (408 SE2d 707) (1991).

(b) Miami Aircraft also argues the default should have been set aside because Magnan and Becker obtained the default judgment without providing notice. Under OCGA § 9-11-5 (a) "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices. . . ." Although Miami Aircraft's original Florida counsel filed the motion to set aside prior to the default, because he

was never specially admitted under Superior Court Rule 4.4, he could not file pleadings on behalf of Miami Aircraft. See *Leasefirst*, supra. In the absence of pleadings, the trial court did not err in granting Magnan and Becker's motion for default without prior notice to Miami Aircraft. See *Hubert v. Lawson*, 146 Ga. App. 698 (3) (247 SE2d 223) (1978).

(c) We do not reach Miami Aircraft's argument that the case never went into default because the preliminary motion filed by its original Florida counsel constituted an answer. This argument was not made below and will not be considered for the first time on appeal. *Clark v. Chick-Fil-A*, 214 Ga. App. 758 (1) (449 SE2d 313) (1994).

6. In its next enumeration of error, Miami Aircraft asserts the trial court erred in denying its motion to open and close arguments. Miami Aircraft was required to make this motion "before testimony by the other party [was] submitted." *Intl. Indem. Co. v. Coachman*, 181 Ga. App. 82, 90 (6) (351 SE2d 224) (1986). And while Miami Aircraft contends it presented the motion on the eve of trial, the record shows it did not make the motion until the plaintiffs presented their case and Miami Aircraft was well into presenting its own evidence. Accordingly, the trial court did not err in denying the motion.

7. Miami Aircraft also asserts the trial court erred in limiting the admission of deposition testimony of its expert witnesses. The testimony at issue generally showed that Magnan and Becker could not have been exposed to the pesticide. Since we have already concluded in Division 1 that the fact of exposure was admitted, the trial court did not err in excluding this testimony. See *Holland v. Tennyson*, 201 Ga. App. 125 (410 SE2d 447) (1991).

8. Likewise, the trial court did not err in excluding the testimony of Miami Aircraft's employees that they were exposed to the pesticide but did not suffer any injuries. Again, since the fact of injury was admitted, the trial court did not err in excluding this testimony. Id.

9. Miami Aircraft contends the trial court erred in denying its motion for a directed verdict because Magnan and Becker failed to present any competent evidence that their claim for damages resulted from any toxic exposure. We disagree. While Magnan and Becker could not testify as to the permanence of their injuries, they were competent to testify as to the pain and suffering they experienced from their exposure. See *Guyer v. Mayor &c. of Savannah*, 162 Ga. App. 598 (1) (292 SE2d 445) (1982). Both plaintiffs presented such testimony, and it was up to the jury to determine the credibility of the testimony and assess damages based on its enlightened conscience. *Turpin v. Worley*, 206 Ga. App. 341 (1) (425 SE2d 895) (1992). Since this testimony alone provided a sufficient basis for the court to deny Miami Aircraft's motion for a directed verdict, we find

no error.

*Judgment affirmed in Case Nos. A95A0849 and A95A0850. Beasley, C. J., and Pope, P. J., concur.*

Decided July 13, 1995 — 

*Paul C. Parker & Associates, William S. Sarandis, Philip L. Westee*, for appellants.

*Drew, Eckl & Farnham, Donald R. Andersen, William T. Mitchell*, for appellee.