A98A0719. McCORMICK et al. v. ACREE et al.
(503 SE2d 88)

ANDREWS, Chief Judge.

Brenda and Elco McCormick appeal from the trial court's order dismissing their complaint. The sole issue on appeal is whether the trial court erred in finding the complaint was void because the McCormicks' counsel was not a member in good standing of the State Bar of Georgia and, therefore, was not authorized to practice law at the time he signed the complaint. For the reasons which follow, we hold the complaint was not void but merely voidable and, accordingly, we reverse the judgment of the trial court.

The McCormicks filed their complaint on December 15, 1992. Their attorney, Chevene B. King, signed the complaint. OCGA § 9-11-11 (a) requires that all pleadings be signed by either the party, if not represented by an attorney, or by at least one attorney of record if the party is represented by an attorney. State Bar of Georgia Rule 1-203 provides that, with some exceptions, "[n]o person shall practice law in this State unless such person is an active member of the State

---

Bar of Georgia in good standing; . . ." State Bar Rule 1-204 states: "No person shall be deemed a member in good standing: (a) while delinquent after September 1 of any year for nonpayment of the license fee prescribed. . . ." It follows from the rules above that an attorney who has not paid his bar dues is not a member in good standing of the State Bar and, therefore, is not authorized to practice law in this state. It is undisputed that King had not paid his bar dues at the time he signed the complaint and therefore was not a member in good standing of the State Bar of Georgia.[1]

The McCormicks amended their complaint on October 13, 1993, adding the name of an attorney who was a member in good standing at the time the complaint was filed. No pretrial order had been filed at the time of the amendment. On August 12, 1996, defendants filed a motion to dismiss, alleging that plaintiffs' complaint was void because their attorney was not a member in good standing when the complaint was filed. The trial court granted the motion, finding that because the complaint was not filed in accordance with OCGA § 9-11-11 (a), it was void and a nullity and could not be amended. This appeal followed.

On appeal, the McCormicks argue that *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556 (332 SE2d 46) (1985) controls the issue in this case. Acree and Memorial Hospital of Adel, the two defendants remaining in the case, argue that *Bandy* is no longer the law because it was not followed in *Howell v. Styles*, 221 Ga. App. 781 (472 SE2d 548) (1996); *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855 (459 SE2d 592) (1995); and *LeaseFirst v. Paulk*, 200 Ga. App. 497 (408 SE2d 707) (1991). We disagree. *Bandy* is directly on point and has not been overruled, tacitly or otherwise.

In *Bandy*, as in this case, the complaint was signed by an attorney not licensed to practice law in Georgia. Plaintiffs sought to amend the complaint by adding the signature of a Georgia attorney. We held that since the plaintiffs had sought promptly to cure the defect and since no pretrial order had been filed as of the time of the amendment, the trial court erred in dismissing the complaint. *Bandy*, supra at 557.

In support of this holding, the court in *Bandy* cited *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41, 43 (230 SE2d 26) (1976) for the proposition that OCGA § 9-11-15 (a) is to be liberally construed in favor of allowing amendments particularly when the opposing party is not prejudiced. *Bandy*, supra at 557. *Bandy* analogized this situation to those cases where an attorney or party failed to sign or verify

---

[1] King did not pay his 1992-1993 bar dues by September 1, 1992. Accordingly, from September 1, 1992, until December 30, 1992, when King paid the dues and the late fee, he was not a member in good standing of the State Bar of Georgia.

a pleading; in which case, the pleading is not null and void but rather has an amendable defect. Id. See also *MCG Dev. Corp.*, supra at 43; *Edwards v. Edwards*, 227 Ga. 307, 308 (180 SE2d 358) (1971); *Cook v. Walker*, 161 Ga. 551, 554 (131 SE 288) (1926).

Appellees' argument that *Howell*, *Magnan*, and *LeaseFirst* have implicitly overruled *Bandy* overlooks the dispositive issue in *Bandy* which was not present in any of the above cases; namely, whether plaintiffs should be allowed to amend their complaint under OCGA § 9-11-15 (a). *Howell* is similar to this case in that the attorney representing the defendant was allegedly delinquent in paying his bar dues. But, there was no request to substitute an attorney in good standing with the State Bar. Further, the issue in that case was whether the requests for admissions were a nullity because they were not signed by an attorney authorized to practice law in the state. We held the requests were a nullity if the attorney was not authorized to practice law and, therefore, the plaintiff was not required to respond to them. *Howell*, supra at 784. There is nothing in this opinion which can be construed as tacitly overruling the holding in *Bandy*.

Likewise in *Magnan*, the attorney who represented the defendant was a Florida attorney who was never specially admitted under Uniform Superior Court Rule 4.4. Therefore, we held that he could not file pleadings on behalf of the defendant. *Magnan*, supra at 859. Again, this is not the same as the issue decided in *Bandy*.

*LeaseFirst* also concerned an out-of-state attorney who did not comply with Uniform Superior Court Rule 4.4. In that instance, the attorney signed an affidavit for a garnishment form as the attorney for LeaseFirst. We held the trial court correctly dismissed the garnishment because, although the attorney could have signed as an agent and the affidavit would have been valid, he instead signed as attorney for the party and, therefore, the affidavit could not be considered. *LeaseFirst*, supra at 499.

These cases are all distinguishable from *Bandy* in that they do not involve OCGA § 9-11-15 (a) which allows a party to amend his pleadings without leave of court prior to the entry of a pretrial order. Therefore, following the holding in *Bandy* and mindful of case law requiring a liberal construction of OCGA § 9-11-15 (a) in favor of allowing the amendment, we hold that the complaint as filed was not void but merely voidable and the defect in the complaint was cured by the amendment. Accordingly, the trial court erred in dismissing the complaint.

*Judgment reversed. Blackburn, J., concurs. McMurray, P. J., concurs specially.*

McMurray, Presiding Judge, concurring specially.

Under the controlling authority of *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46), the "absence of a signature by an attorney in compliance with Rule 1-203 [and 1-204], Rules of the State Bar of Georgia and OCGA § 9-11-11 (a) was a defect which [plaintiff-appellants] timely cure[d] by amending the complaint to add the name and signature of a Georgia attorney [in full compliance with the applicable State Bar Rules]. Because no pre-trial order had been entered, the trial court erred [in] refusing to allow [plaintiffs to] amend. OCGA § 9-11-15 (a); *Downs* [*v. Jones*, 140 Ga. App. 752, 753 (1) (231 SE2d 816)]." Consequently, the majority correctly holds the trial court in the case sub judice erred in dismissing the complaint. I do not join in the characterization of that complaint as being only "voidable," as opposed to "void." It is enough to say the pleading defect is amendable, and was, in this instance, timely cured. I respectfully concur in the judgment only.

DECIDED JUNE 10, 1998.

*Chevene B. King, Jr.*, for appellants.
*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson, Alexander & Vann, George R. Lilly II*, for appellees.