A99A0848. NORTH GEORGIA MEDICAL CENTER v. FOOD LION, INC.
(517 SE2d 799)

Judge Harold R. Banke.

North Georgia Medical Center obtained default judgment against Food Lion, Inc. when Food Lion failed to answer a summons of continuing garnishment. Food Lion paid all accrued costs of court and moved within the required 60 days to modify and reduce the judgment. See OCGA § 18-4-91. North Georgia opposed the motion on the ground that the attorney signing the motion was not licensed in Georgia.

Outside the 60-day period, Food Lion moved to amend its motion by substituting in the name and signature of a licensed Georgia attorney. The court allowed the amendment and reduced the judgment. North Georgia appeals, contending the original motion was a nullity and could not be resurrected after the 60 days had run. *Held*:

An attorney licensed in Georgia must represent a corporation in a proceeding in a Georgia court of record. *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997). Under OCGA § 9-11-15 (a) of the Civil Practice Act, a pleading signed by an unlicensed attorney or by a non-attorney may be cured by an amendment substituting in a licensed attorney prior to the entry of the pre-trial order. *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985); see *McCormick v. Acree*, 232 Ga. App. 834, 836 (503 SE2d 88) (1998) (physical precedent only). The amendment relates back to the filing date of the original pleading. Id.[1]

---

[1] The cases cited by North Georgia (*Howell v. Styles*, 221 Ga. App. 781, 783 (3) (472

Does this principle apply to OCGA § 18-4-61 motions filed in garnishment proceedings? The Civil Practice Act, and specifically OCGA § 9-11-15 (a), applies in garnishment proceedings. OCGA § 18-4-1; *Horizon Credit Corp. v. Lanier Bank &c. Co.*, 220 Ga. App. 362, 363 (1) (469 SE2d 452) (1996). OCGA § 18-4-3 also provides that garnishment pleadings are amendable any time before judgment thereon. Motions to modify filed under OCGA § 18-4-61 are considered garnishment pleadings. See *Accredited Assoc. v. Shottenfeld*, 162 Ga. App. 575, 576 (1) (292 SE2d 417) (1982); *Chambers v. Almond*, 146 Ga. App. 46, 47 (1) (245 SE2d 336) (1978).

Accordingly, prior to judgment thereon, a motion filed under OCGA § 18-4-91 may be retroactively amended to substitute in the name and signature of a licensed Georgia attorney.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 12, 1999.

*Joseph D. Buccellato*, for appellant.
*McLain & Merritt, Howard M. Lessinger*, for appellee.

SE2d 548) (1996); *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855, 858-859 (5) (b) (459 SE2d 592) (1995); *Leasefirst v. Paulk*, 200 Ga. App. 497, 498 (1) (408 SE2d 707) (1991)) are distinguishable, for in none of these did the offending party seek to amend the defective filing by substituting in a licensed attorney.