A99A1826. PEACHTREE PLASTICS, INC. v. VERHINE.
(528 SE2d 837)

ANDREWS, Presiding Judge.

Lester Verhine d/b/a Plastic Grinders of Georgia, Inc. (Verhine) sued Peachtree Plastics, Inc. (Peachtree) to collect an unpaid account. Verhine filed a motion to strike Peachtree's answer and for a default judgment alleging that the answer was a nullity because it was filed by Peachtree's president, a nonattorney who was not authorized to represent the corporation in a court of record. Peachtree responded to

---

[4] *Tucker v. State*, 173 Ga. App. 742, 743 (2) (327 SE2d 852) (1985).

the motion by filing an amended answer filed by an attorney who entered an appearance as Peachtree's attorney of record. The trial court struck Peachtree's answer and granted a default judgment in favor of Verhine. Peachtree appeals claiming that its amended answer filed by an attorney was a valid answer which related back to the date of the original answer under the provisions of OCGA § 9-11-15.

We agree. Since Peachtree is a corporation and can be represented in a court of record only by an attorney, the answer filed by its nonattorney president was defective. *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803-806 (485 SE2d 22) (1997). This was an amendable defect, however, which was cured pursuant to OCGA § 9-11-15 when, prior to entry of a pretrial order, an attorney representing Peachtree filed an amended answer, which related back to the date of the original answer. *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556 (332 SE2d 46) (1985); *McCormick v. Acree*, 232 Ga. App. 834 (503 SE2d 88) (1998) (physical precedent); *North Ga. Med. Center v. Food Lion*, 238 Ga. App. 78 (517 SE2d 799) (1999). The trial court erred by striking the amended answer and granting a default judgment in favor of Verhine.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 21, 2000.

*Carlisle & Carlisle, William R. Carlisle*, for appellant.
*John B. Degonia, Jr.*, for appellee.