## A01A1292. ASSOCIATED DOCTORS OF WARNER ROBINS, INC. et al. v. U.S. FOODSERVICE OF ATLANTA, INC.

(553 SE2d 310)

ELLINGTON, Judge.

U.S. FoodService of Atlanta, Inc. ("U.S. FoodService") sued Associated Doctors of Warner Robins, Inc. ("ADWR"), Freddie J. Wakefield, and Samuel Taylor on ADWR's open account, on which Wakefield and Taylor were guarantors. The defendants appeal from the trial court's order striking their answer and from the denial of their motion to open default. We affirm the trial court's refusal to open the defaults of Wakefield and Taylor, but reverse the trial court's decision to strike the answer of ADWR.

The record shows that U.S. FoodService filed suit against the defendants on August 8, 2000. Wakefield was served personally on August 30, 2000, and was served as the Registered Agent for the corporation on September 6, 2000. Taylor also was served on September 6, 2000. On October 3, 2000, Wakefield filed a pro se "Answers in Writ to Complaints." On November 7, 2000, U.S. FoodService moved the court to strike the answer and to enter a default judgment against all defendants.

After receiving the motion to strike, the defendants hired counsel. On November 16, 2000, counsel filed an answer on behalf of all three defendants and also filed a motion to open default. Attached to the motion was an affidavit from Wakefield which alleged that he *believed* that the account was paid in full and that he *believes* "when all of the invoices are matched up with the checks which were submitted to US FoodService, it will show that Defendants do not owe to US FoodService any amount whatsoever." Wakefield also stated that he *thought* that his answer was filed on behalf of himself and Taylor.

On January 9, 2001, the trial court granted U.S. FoodService's motion to strike, finding that the only answer was filed by Wakefield pro se, and that the answer was both untimely and filed without payment of costs. See OCGA § 9-11-55 (a). The trial court also denied the defendants' motion to open default, finding that they had failed to establish excusable neglect or providential cause, and this was not a proper case for opening default. The defendants appeal from this ruling.

1. The defendants contend the trial court erred in striking the answer as to ADWR. We agree. Wakefield's pro se answer was filed within 30 days of service to ADWR and clearly set out defenses on behalf of the corporation. See OCGA § 9-11-12 (a). Since ADWR is a corporation, though, it can be represented in a court of record only by an attorney, so that "the answer filed by its nonattorney [officer] was defective. This was an amendable defect, however, which was cured pursuant to OCGA § 9-11-15 when, prior to entry of a pretrial order,

an attorney representing [ADWR] filed an amended answer, which related back to the date of the original answer." (Citations omitted.) *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000). See also *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997); *North Ga. Med. Center v. Food Lion*, 238 Ga. App. 78 (517 SE2d 799) (1999). Since the November 16, 2000 amended answer filed by counsel related back to the timely filing of the original answer filed by Wakefield on behalf of the corporation, any defect was cured. Therefore, the trial court erred in striking ADWR's amended answer.

2. This same analysis does not apply to Taylor, however. Under OCGA § 9-11-11 (a), pleadings on behalf of a party who is represented by an attorney must be signed by that attorney. A party who is not represented by an attorney must sign his own pleading. Id. Because Taylor failed to sign the October 3, 2000 answer or have an attorney file an answer on his behalf within 30 days of service, he was in default as a matter of law.[1] OCGA §§ 9-11-11 (a); 9-11-12 (a); 9-11-55 (a).

The Supreme Court's ruling in *Eckles v. Atlanta Technology Group*, 267 Ga. at 805 (2), does not change this result. In *Eckles*, the Court allowed a pleading which was signed by an agent on behalf of a corporation to be cured by amendment, explaining that a corporation is an "artificial, not a natural, person" that acts only through its agents. A corporation "can deal with the world in no other way. [Therefore,] it has long been recognized . . . that a corporation can appear [in litigation] only by attorney, *while a natural person may appear for himself.*" (Citations and punctuation omitted; emphasis supplied.) Id. at 803 (2). In this case, Taylor failed to hire an attorney or to "appear for himself" before defaulting, and the November 16, 2000 answer did not cure this oversight.

3. Further, the November 16, 2000 answer could not relate back to the October 3, 2000 answer to provide a defense for Wakefield. Wakefield's original pro se answer was filed more than 30 days after he received personal service and was, therefore, invalid as untimely. See OCGA §§ 9-11-12 (a); 9-11-15. Therefore, like Taylor, Wakefield defaulted as a matter of law. OCGA § 9-11-55 (a). Further, both Taylor and Wakefield failed to open the default as a matter of right by filing a valid answer with costs within 15 days of default. Id.

4. The defendants contend that the trial court abused its discretion in failing to open the default. We disagree.

After 45 days have passed since service, and as long as judgment

---

[1] In reaching this conclusion, it is unnecessary to reach the defendants' second enumeration, which is whether the language of the October 3, 2000 answer should be construed broadly to encompass Taylor's defenses to this action.

has not been entered in the case, the trial court "may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court." OCGA § 9-11-55 (b). The trial court's decision on whether to open default will not be reversed by this Court absent an abuse of discretion. *Ellis v. Five Star Dodge*, 242 Ga. App. 474, 475 (1) (529 SE2d 904) (2000).

Although the defendants contend that Wakefield's mistaken belief that he had filed a timely, proper answer on behalf of all defendants amounted to excusable neglect or, in the alternative, presented a "proper case" for opening default, the trial court rejected this argument. The facts and circumstances of this case do not demand a contrary finding. Accordingly, we find that the trial court did not abuse its discretion in denying the defendants' motion to open default.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 31, 2001.

*Langdale, Vallotton, Linahan & Wetherington, William P. Langdale III*, for appellants.
*James W. Martin*, for appellee.

