A07A0146. EDENFIELD & COX, P.C. v. MACK.
(640 SE2d 343)

BLACKBURN, Presiding Judge.

Plaintiff law firm Edenfield & Cox, P.C. (Edenfield firm), appeals from the trial court's order denying its motion to strike Curtis L. Mack's answer and for entry of default judgment, contending that the trial court erred in finding that Mack's failure to sign his original answer was an amendable defect which was cured by his subsequent filing of an amended answer. For the reasons set forth below, we affirm.

On appeal, we review a trial court's denial of a motion to strike an answer for abuse of discretion. See *Sharpnack v. Hoffinger Indus.*[1] A denial of a motion for an entry of default judgment is subject to the same standard of review. See *Lewis v. Carscallen.*[2] Here, the record shows that in late April or May 2001, the Edenfield firm began assisting attorney Victor McLemore in representing Mack, who is also an attorney, in his divorce action. Several months after that action settled, a dispute arose regarding the amount of legal fees Mack owed to the Edenfield firm as well as the tardiness of his payments. At Mack's request, the Edenfield firm withdrew from representing him, and McLemore finalized Mack's divorce settlement agreement.

In July 2004, after failing to resolve the legal fee dispute, the Edenfield firm filed a complaint on an open account against Mack. Mack, acting pro se, prepared an answer and counterclaim. However, because he was traveling at the time the answer was due, Mack

---

[22] (Punctuation omitted.) *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (a) (610 SE2d 555) (2005); see *Hinkle*, supra at 329 (2).

[1] *Sharpnack v. Hoffinger Indus.*, 223 Ga. App. 833, 835 (2) (479 SE2d 435) (1996).

[2] *Lewis v. Carscallen*, 274 Ga. App. 711, 714 (3) (618 SE2d 618) (2005).

requested that McLemore sign Mack's name on the pleading and handle the details of its filing, which he did. Shortly thereafter, the Edenfield firm filed a motion to strike Mack's answer on the grounds that it had not been verified and that it had not pled the specific amount due. Consequently, Mack filed an amended answer and counterclaim (restating the allegations and denials of the initial answer and counterclaim), which was signed by him and included a verification as well as a denial that any amount was due. The Edenfield firm responded by filing a second motion to strike Mack's answer, again contending that the answer failed to plead the specific amount due. Mack then filed a second amended answer and counterclaim, which specifically addressed his claim that there was no amount due. Based on Mack's amended answer, the trial court issued an order denying both of the Edenfield firm's motions to strike.

Several months later, the Edenfield firm learned that McLemore had signed Mack's name on the original answer, and as a result filed a third motion to strike Mack's answer and for an entry of default judgment. The Edenfield firm argued that because Mack did not personally sign his original answer, the pleading violated OCGA § 9-11-11 (a), which provides in part that "[a] party who is not represented by an attorney shall sign his pleading and state his address." The Edenfield firm further argued that the violation of this statute rendered Mack's amended answers nullities, and thus Mack was in irretrievable default. Mack, who at this point had retained counsel, responded, and after the trial court denied the Edenfield firm's motion, this interlocutory appeal followed.

Although the Edenfield firm alleges four enumerations of error, its core contention is that the trial court abused its discretion in denying the third motion to strike Mack's answer and for entry of default judgment. Specifically, it argues that the trial court erred in finding that Mack's failure to personally sign his original answer and counterclaim was an amendable defect, which was cured by his amended answers. We disagree.

OCGA § 9-11-15 (a) provides in part that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." "OCGA § 9-11-15 (a) is to be liberally construed in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby." (Punctuation omitted.) *Bandy v. Hosp. Auth. of Walker County*.[3] Furthermore, "[c]onsistent with this liberal policy regarding amendment of pleadings, we have held that the failure of a pleading to be signed by an attorney or a party or to be verified where

---

[3] *Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985).

required constitutes a defect which does not render the pleading null and void but which may be cured by amendment." Id. See, e.g., *Edwards v. Edwards*;[4] *Cook v. Walker*;[5] *MCG Dev. Corp. v. Bick Realty Co.*[6] Here, Mack's amended answers were filed prior to the entry of any pretrial order, and the Edenfield firm has not shown that the timing of such answers prejudiced its case. Without addressing whether McLemore's signing Mack's name at Mack's behest sufficed, we hold that Mack's amended answers personally signed by him cured any alleged defect arising from his failure to personally sign the original answer and counterclaim.

Relying on this Court's decisions in *Associated Doctors of Warner Robins v. U. S. FoodService of Atlanta*[7] and *Rainier Holdings v. Tatum*,[8] the Edenfield firm argues that because another attorney signed Mack's name on his original answer, that pleading should have been stricken for failure to comply with OCGA § 9-11-11 (a), the subsequent amended answers should have been declared nullities, and a default judgment should have been entered. This reliance is misplaced as those decisions are distinguishable from the matter at hand.

In *Associated Doctors of Warner Robins*, a pro se defendant filed an answer ostensibly on behalf of himself, a corporate defendant, and another pro se defendant; however, the answer was not signed by either an attorney representing the corporation or by the other pro se defendant. *Associated Doctors of Warner Robins*, supra, 250 Ga. App. at 878. The trial court granted plaintiff's motion to strike the original answer and enter a default judgment, finding that only the signing pro se defendant had actually filed an original answer, and thus an amended answer filed by an attorney on behalf of all three defendants was a nullity. Id. In upholding the trial court's ruling as to the pro se defendant who had not signed the original answer,[9] we found that this specific defendant had "failed to hire an attorney or to appear for himself before defaulting." (Punctuation omitted.) Id. at 879 (2). In *Rainier Holdings*, we came to the same conclusion based on facts nearly identical to those of *Associated Doctors of Warner Robins*. *Rainier Holdings*, supra, 275 Ga. App. at 879 (1).

---

[4] *Edwards v. Edwards*, 227 Ga. 307, 308 (1) (180 SE2d 358) (1971).

[5] *Cook v. Walker*, 161 Ga. 551, 554 (1) (131 SE 288) (1926).

[6] *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41, 43 (2) (230 SE2d 26) (1976).

[7] *Associated Doctors of Warner Robins v. U. S. FoodService of Atlanta*, 250 Ga. App. 878 (553 SE2d 310) (2001).

[8] *Rainier Holdings v. Tatum*, 275 Ga. App. 878 (622 SE2d 86) (2005).

[9] We reversed the trial court's ruling as to the corporate defendant, finding that the lack of a signature by an attorney representing the corporation on the original complaint was an amendable defect, which was cured when an attorney signed and filed the amended answer. *Associated Doctors of Warner Robins*, supra, 250 Ga. App. at 878-879 (1).

In this matter, however, Mack is the sole defendant, and the pleading with his name on the signature line, and signed at his behest, evinced an intent on the part of Mack to answer the Edenfield firm's complaint. See *Lee v. Precision Balancing &c.*[10] Moreover, as previously stated, Mack's signed amended answers cured any alleged defect in his original answer. See *Bandy*, supra, 174 Ga. App. at 557 (1) (b). Under such circumstances, the ultimate sanction of entry of default judgment was unwarranted. See *Lee*, supra, 134 Ga. App. at 764. Accordingly, the trial court did not abuse its discretion in denying the Edenfield firm's motion to strike Mack's answer and for entry of default judgment.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 8, 2006 — 

*Myles E. Eastwood*, for appellant.
*Charles R. Floyd*, Jr., for appellee.

---

[10] *Lee v. Precision Balancing &c.*, 134 Ga. App. 762, 764 (216 SE2d 640) (1975).
[1] OCGA § 16-5-21 (a) (2).